Goyer Cold Storage Co. *v.* R. H. Wildberger et al.

1. Corporate Stock. *Transfer.* *Code* 1892, § 844; *not retroactive.*

    Section 844, code 1892, providing that "the legal title to stock in a corporation, and the beneficial interest therein, shall remain in the person appearing to be owner by the books of the corporation, as to creditors, until after a *bona fide* transfer have been made on the books," has no application to transactions which took place before the code went into effect.

2. Transfer of Stock. *By-laws.* *Rights of creditors.* *Equitable assignment.*

    By-laws of a corporation requiring transfers of stock to be noted on its books are for the benefit of the corporation only. Where, prior to the code of 1892, a stockholder in a building and loan association filed with the secretary a notice of withdrawal of his stock, directing payment of its withdrawal value to certain creditors, and giving drafts on the association in their favor, which were accepted by the secretary, this was an equitable assignment of the stock, valid as against creditors of such stockholder subsequently levying thereon.

3. Debtor and Creditor. *Transfer to pay debt.* *Fraud.*

    Where the sole object of a creditor in obtaining property from his debtor is to get either payment or security for his debt, and, in so doing, he does not aid him in any effort to defraud creditors, the transaction will be valid, notwithstanding the debtor be heavily embarrassed and pressed by other creditors. The law is tolerant of the efforts of a creditor to obtain payment of his dues from a failing debtor.

4. Claimant's Issue. *Error as between claimants.* *Who may object.*

    A plaintiff in execution who, on a claimant's issue, failed to show his right to subject the property, cannot, after judgment in favor of several claimant's thereof, object to the misjoinder of issues or to errors in the judgment as between the several claimants.

5. SUPREME COURT. *Error as to jurisdiction. Const.* 1890, § 147.

In view of § 147, constitution 1890, a judgment of the circuit court on a claimant's issue will not be reversed merely because it appears that the successful claimant had only an equitable title.

FROM the circuit court of the second district of Coahoma county.

· HON. R. W. WILLIAMSON, Judge.

Appellant, Goyer Cold Storage Co., recovered a judgment against J. E. Blake, and caused execution thereon to be levied upon twenty shares of stock in the Clarksdale Co-operative Building & Loan Association. These shares had been subscribed for by Blake, who, until shortly before the execution was levied, had continued the owner thereof, and made all the required payments of dues. Blake, who was a merchant, became embarrassed and insolvent, and suits were brought by creditors, among others, by the Goyer Cold Storage Co., the appellant, who, as stated, recovered judgment. He was likewise indebted to R. H. Wildberger and the Memphis National Bank, and, wishing to apply his stock in the building and loan association to the payment of these two debts, he filed with the secretary of the association an application for withdrawal, as follows:

" *W. P. Wildberger, Secretary:*

" I desire to withdraw my ten shares in first series and ten shares in the second series in the Co-operative Building & Loan Association of Clarksdale, and, when allowed, please pay same as follows: To R. H. Wildberger, Pres., $267.37; to R. H. Wildberger, insurance, $181.35; to draft, order myself, $427.17. Witness my hand, this June 2, 1892.

"J. E. BLAKE."

The drafts for the said amounts, in favor of the parties mentioned, were drawn by him, and, under the direction of the finance committee of the association, were accepted by the secretary, the first two drafts being held by R. H. Wildberger, and the last by the Memphis National Bank.

By the charter of the association, it is allowed ninety days after notice of withdrawal before payment of the amount due to the stockholder as the withdrawal value of the stock. The minute-book of the association showed that the notice of withdrawal was read and ordered to remain on file for ninety days. The book of the association, which served as a stock book also, contained, opposite the entry of the sub-scription for stock by Blake, a memorandum as follows: "Withdrawn and transferred June 2, 1892; order filed." The secretary also entered on the drafts given by Blake a memorandum of the notice of withdrawal, reciting that the sum due thereon would be payable September 15, 1892. The levy of the execution on the judgment in favor of appellant was subsequent to these transactions. R. H. Wildberger and the Memphis National Bank each made affidavit claiming the entire twenty shares of stock levied on.

The main contention of plaintiff is that there had been no completed transfer of the stock on the books of the association, and that it continued liable for the debts of Blake under § 844, code 1892, which is as follows: "In all corporations each stockholder shall be individually liable for the debts of the corporation contracted during his ownership of stock for the amount or balance that may remain due or unpaid for the stock subscribed for by him, and may be sued by any creditor of the corporation; and such liability shall continue for one year after the sale or transfer of the stock. The stock in all corporations shall be transferable by the indorsement and delivery of the stock certificate, and the registry of such transfer in the books of the corporation; but the legal title to the stock, and the beneficial interest therein, shall remain in the person appearing to be the owner by the books of the corporation, as to creditors, until after a *bona fide* transfer have been made on the books."

In behalf of appellant, it is also argued that the transfer of the stock by Blake was made for the purpose of defrauding his creditors, but the only evidence relied on in support of

this contention is that the transfer was made when Blake was in failing condition, and when suits were about to ripen into judgments. The case was, by consent, tried by the court without a jury, and judgment rendered in favor of the claimants. Plaintiff moved for a new trial, on the ground that the judgment was contrary to the law and the evidence, which motion was overruled, and plaintiff appeals.

Appellant now further contends that the judgment is erroneous in merely awarding the property to the claimants, without adjudging to each an interest therein represented by their separate drafts on the association; and, also, that the judgment should be reversed, because the claimants, at most, had established only an equitable title, which could not be the basis of a recovery at law.

*Butt & Butt*, for appellant.

At the time of the levy of the execution, Blake appeared, by the books of the corporation, to be the owner of the stock, and under § 844, code 1892, it was liable to his creditors. Since the by-laws required a transfer on the books of the company, the parties could not otherwise make a valid assignment. Claimant could not recover in a court of law by proof of a mere equitable title.

*Cook & Anderson*, for appellees.

The notice of withdrawal was proper and regular, and the directors could not withhold their approval. It was *ipso facto* a withdrawal of the stock. Blake, therefore, was not a stockholder at the time of the levy of the execution. Section 844, code 1892, has no application. Building and loan associations are not contemplated by it. Their members are not really stockholders, but *quasi* partners. The latter clause of the section refers to creditors of the corporation and not of the members.

If this section does apply, then there was sufficient notation on the books of the association, and what was done

amounted to an assignment of the fund. In any view, it was an equitable assignment, and the creditors of Blake could not object. *Whitney* v. *Cowan*, 55 Miss., 626; *Hutchinson* v. *Simon*, 57 *Ib.*, 628.

If § 844 be applicable at all, it is as applicable to the claim of plaintiffs as to that of the claimants. If it be true that proceedings on the claimant's issue were irregular, the right result has been reached.

If the circuit court had no jurisdiction, this court should remand to the chancery court for proper proceedings. Const. 1890, § 147.

CAMPBELL, C. J., delivered the opinion of the court.

Section 844 of the code of 1892 has no influence on the transaction in reference to the shares of the building and loan association, assuming that such are within its contemplation, because the transaction took place before the code took effect. By the law in force when the transfer was made, a right was vested in Wildberger by the action of Blake with reference to the shares, paramount to the claim of creditors of Blake, to subject them to execution. It matters not that the transfer was not fully consummated, so far as relates to the action of the building and loan association according to its by-laws. They are for the benefit of the association, and not for creditors, who have no right to complain on this ground. It is enough to defeat creditors of the transferrer of shares that the right of another has attached before subjection to the process in behalf of creditors, and that was the case here. The transaction between Wildberger and Blake was a perfectly legitimate one, and unassailable. Even if he knew that Blake was heavily involved and hard pressed by creditors, and insolvent, he had a perfect right to obtain payment of what was due him by purchasing the shares in the building and loan association, and, in doing so, acquired a right in them superior to subsequently levied executions. The law is very tolerant of the efforts of a cred-

itor to obtain payment of his dues from a failing debtor, and does not condemn his successful efforts, where that is his sole object, in any dealing for that purpose. One has no right to lend himself or his means to a debtor to help him defraud his creditors; but the creditor who seeks nothing but his own payment or security, will not be deprived of the fruits of his success.

The criticism of counsel on the misjoinder of parties and issues, and on the impossibility of the truth of the claim of two different parties to the ownership of the shares in dispute, however just, cannot avail the appellants, since it is manifest that they have no right to subject them to their execution, and that is an end of their claim, for, if they have no right to them, it does not concern them who has.

The objection that, if Wildberger had any right, it was equitable, and unavailing in a court of law, is unavailing, if it is only equitable, for now courts of law may administer equitable relief and courts of chancery legal relief, and no complaint can be made of it. Under the new constitution, we have practically a complete blending of law and equity, and only maintain separate courts to administer them. The necessary effect of § 147 of the constitution is to produce this result, for it would be absurd for this court to reverse a judgment because equity had been administered by a court of law, and remand the case to a chancery court, with directions to do what the court of law had already done; and so, where chancery had entertained a purely legal demand, and disposed of it correctly.

*Affirmed.*