MARY P. HOLMES ET AL. *v.* FERGUSON-MCKINNEY DRY GOODS COMPANY ET AL.

1. PARTNERSHIP.    *Individual assets. . Disposition.*

> Members of a copartnership may dispose of their individual property as they see fit, if there be sufficient partnership assets to satisfy all firm debts.

2. SAME.    *Fraudulent conveyances. Insolvency.    Fraud.*

> Where the creditors of a partnership sue to vacate conveyances of individual property by the partners, the burden is on them to show that the conveyances were fraudulent and that the firm was insolvent.

3. SAME.    *Grantee's assumption of grantor's debt.*

> An agreement by a grantee to assume and pay a debt due from the grantor to a third person is a valuable consideration and will support the grant, although the third person has never accepted the grantee as his debtor.

4. CONSTITUTIONAL LAW.    *Constitution* 1890, *sec.* 147.    *Supreme court practice.*

> Under Constitution 1890, sec. 147, providing that no judgment or decree rendered in any chancery or circuit court in a civil case shall be reversed for want of jurisdiction to render the judgment or decree because of any error as to whether the cause in which it was rendered was of equity or common-law jurisdiction,

a personal judgment against the members of a firm for a firm debt, rendered in a suit to set aside alleged fraudulent conveyances by them, does not constitute reversible error.

FROM the chancery court of Monroe county.

HON. HENRY L. MULDROW, Chancellor.

The Ferguson-McKinney Dry Goods Company and others, the appellees, were complainants in the court below; Mrs. Holmes and others, including the members of the copartnership of Holmes Brothers, were defendants there. From a decree in favor of the complainants the defendants appealed to the supreme court. The facts are stated in the opinion of the court.

*W. H. Clifton,* for appellants.

Counsel cited the following authorities: *Irby* v. *Graham,* 46 Miss., 430; *Bank* v. *Durfey,* 72 Miss., 971 (57 Cent. Law Jour., 343–353); *Ware* v. *Allen,* 55 Miss., 547; *Pollock* v. *Simmons,* 76 Miss., 210; *Wear, etc., Dry Goods Co.* v. *Kelly,* 84 Miss., 236; *Schoulfield* v. *Hirsh,* 71 Miss., 59; *Locke* v. *Blackbourn,* 57 Miss., 691; *Ames* v. *Dorroh,* 76 Miss., 196 (11 Am. & Eng. Ency. Law [1st ed.], 172); *Cohen* v. *Parish,* 28 S. E. Rep. (Ga.), 123; *Wolf* v. *McGugin,* 16 S. E. Rep. (Ga.), 798; *Teitiz* v. *Bozeman,* 31 Am. St. Rep., 380; *Wilson* v. *Kohlheim,* 46 Miss., 346; *Cowen* v. *Alsop,* 51 Miss., 158; *Browne* v. *Hernsheim,* 71 Miss., 574; *Pewey* v. *Hendricks,* 78 Miss., 316 (8 Am. & Eng. Ency. Law [1st ed.], 782); 1 Story's Eq. Jur., secs. 244, 246; *Newman* v. *Leake,* Freeman's Chy., 438; *Kauffman* v. *Whitney,* 50 Miss., 110; *Willis* v. *Gattman,* 53 Miss., 731; *Hester* v. *Thomson,* 58 Miss., 119; *Redfield* v. *Hewes,* 67 Miss., 487; *Hodges* v. *Hickey,* 67 Miss., 715; *O'Conner* v. *Ward,* 60 Miss., 1025; *Chapman* v. *White Sewing Machine Co.,* 77 Miss., 890 (15 Am. & Eng. Ency. Law [2d ed.], 582, 584); *Acker* v. *Trueland,* 56 Miss., 31; *Parisot* v. *Tucker,* 65 Miss., 439; *Adams* v. *Adams,* 59 Cent. Law Jour., 338 (16 Cyc., 119); *Insurance Co.* v. *Ligon,* 59 Miss., 316; *Atkinson* v. *Felder,* 78 Miss., 83.

*Gilleylen & Leftwich,* and *C. L. Tubb,* for appellees.

Counsel cited the following authorities: Code 1892, § 503; Amended Laws 1898, p. 282; 5 Ency. Pl. & Pr., 566; *Young v. White,* 25 Miss., 146 (14 Am. & Eng. Ency. Law [2d ed.], 308, 309); *Ames v. Dorroh,* 76 Miss., 187; *Golden v. Goode,* 76 Miss., 400; *Edmonds v. Mister,* 58 Miss., 765; *Vasser v. Henderson,* 40 Miss., 509; *Bank v. Douglas,* 11 Smed. & M., 469; *Burke v. Murphy,* 27 Miss., 186; *Caldwell v. Walker,* 76 Miss., 879; *Davis v. Lumpkin,* 57 Miss., 506; Code 1892, § 2294; *Thomson v. Hester,* 55 Miss., 656; *Gattman v. Willis,* 53 Miss., 721; *Chism v. Bank,* 77 Miss., 599; *Kaufman v. Whitney,* 50 Miss., 103; 1 Bates on Partnership, 569; *Bank v. Fargason,* 79 Miss., 64 (6 Am. & Eng. Ency. Law [2d ed.], 712, 713; 11 Am. & Eng. Ency. Law [2d ed.], 168; *Parkham v. Randolph,* 4 How. (Miss.), 435; *Gordon v. Ogden,* 78 Am. Dec., 192; *Newton v. Bronson,* 67 Am. Dec., 89 (14 Am. & Eng. Ency. Law [2d ed.], 340); *Atkinson v. Felder,* 78 Miss., 83.

Argued orally by *W. H. Clifton,* for appellants, and by *Geo. J. Leftwich,* for appellees.

*POTTER, S. J., delivered the opinion of the court.

Holmes Bros., a partnership composed of E. W. and T. B. Holmes, have been for many years, and are now, merchants engaged in business at Aberdeen. In the latter part of 1898, T. B. Holmes, for a recited consideration of $40 and love and affection, made a conveyance of a lot in Aberdeen, of $500 in value, to his wife, Mary P. Holmes. This deed, however, did not become effective as to creditors until December 9, 1902, when it was filed for record. And on the 6th day of June, 1903, E. W. Holmes conveyed to his wife, Georgia E. Holmes, for a recited consideration of $10,000, a tract of thirty-two acres of land lying in the outskirts of Birmingham, Ala., and valued at

---

*Owing to the illness of Chief Justice Whitfield, W. H. Potter, Esq., a member of the supreme court bar, was appointed and presided in this case in his place.

from $12,000 to $15,000. These lots were the property of the individual members of the partnership, and were substantially all that they owned, except their interest in the partnership property. On the 17th day of July thereafter the Ferguson-McKinney Dry Goods Company, the Isaac Fallows Sons Company, and the Eli Walker Dry Goods Company filed in the chancery court of Monroe county their bill, under Code 1892, § 503, against Holmes Bros., Mary P. Holmes, and Georgia E. Holmes, setting out that Holmes Bros. were indebted to complainants in an amount aggregating $2,489.18, and charging that Holmes Bros. were, at the time of the making of the above conveyances by the members of the firm to their wives and at the time the bill was filed, insolvent, and that the said conveyances were voluntary and fraudulent, and made for the purpose of hindering and delaying complainants and other creditors in the collection of the sums due them by Holmes Bros. Complainants prayed that the conveyances above mentioned be declared voluntary and fraudulent, and that they be vacated, and the lands held subject to the payment of the firm debts. They also prayed for a personal decree against the members of the firm. The defendants answered, admitting the indebtedness, except a part claimed not to be due; admitted the execution of the conveyances, but denied insolvency and fraud and all the other material allegations of the bill. Full proof was taken on the questions at issue and on which the case was submitted for final decision. The chancellor rendered a personal decree against the members of the firm for the amount sued for, less 20 per cent that had been paid by Holmes Bros. after the institution of the suit. He also held that the firm was insolvent when the bill was filed, and that the conveyance to Mrs. Mary P. Holmes was fraudulent and void, and found that Holmes Bros. were indebted to Mrs. Georgia E. Holmes in the sum of $4,931, and to N. W. Holmes, a brother, $1,672, and to the First National Bank of Aberdeen, $1,943, and that the con-

sideration for the Birmingham land was the discharge of the debt of $4,931 due Mrs. Holmes, and the assumption by her of the N. W. Holmes debt and the bank debt; but he held that the land conveyed to her was of a far greater value than the amount of money due her, and, as to the excess, that the conveyance should be declared voluntary and vacated. A receiver was appointed and ordered to take possession, and sell the stock of goods of Holmes Bros. and apply the proceeds of sale to the payment of costs and appellees' debts, and if the amount arising from the sale was insufficient to pay the amount decreed, that he should next sell the lot that had been conveyed to Mary P. Holmes, and if the proceeds of such sale were insufficient to satisfy appellees' decree, then the receiver should proceed against the Birmingham lands that had been conveyed to Georgia E. Holmes, and to that end should be made a party to a similar suit to this, brought by appellees against Holmes Bros. and Georgia E. Holmes in the courts of Alabama.

If there remained sufficient partnership assets to satisfy the firm debts, the members of the firm had a right to dispose of their individual property as they saw proper. The burden of proof was upon appellees to show insolvency and fraud, and this they have not done. There is no proof that, when the deed to Mary P. Holmes was filed for record, the firm was not able to meet all demands against it. Besides, the property conveyed to her was of a small value, and there is no evidence that tends to show that it was made with a fraudulent purpose. The proof shows that the firm property, when the bill was filed, was worth $10,000; and it is equally as clear that by the conveyance of the Birmingham land the debt of Mrs. Holmes was paid, and that she assumed to pay the debts due to N. W. Holmes and the bank, and these debts were either paid or secured by her after this suit was brought, so as to relieve the firm.

It is urged by appellees that there had been no acceptance by N. W. Holmes and the bank, so as to make Mrs. Holmes liable to them, prior to the time the suit was brought; but this

would not affect the questions of fraud or insolvency, because, if she did not pay this part of the consideration for her deed, the property conveyed to her would stand charged to E. W. Holmes for that amount, and this could have been reached by his creditors. Under this view of the case the receiver must be discharged, and the decree against Mrs. Mary P. Holmes and Mrs. Georgia E. Holmes, canceling the conveyances to them, must be reversed, and a decree for them entered here.

The bill prays a personal decree, and this was rendered in the court below against E. W. and T. B. Holmes; and under sec. 147 of our constitution, which provides, "No judgment or decree rendered in any chancery or circuit court in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree from any error or mistake as to whether the cause in which it was rendered was of equity or common law jurisdiction," the personal decree against E. W. and T. B. Holmes must be affirmed—*Cazeneuve* v. *Curell,* 70 Miss., 521 (13 South. Rep., 32) ; *Goyer* v. *Wildberger,* 71 Miss., 438 (15 South. Rep., 235)—and decree here against the sureties on their supersedeas bond.

*The cost of this appeal to be taxed in equal parts against appellees and E. W. and T. B. Holmes.*