## THE STATE OF NEVADA, RESPONDENT, v. GEORGE NEWTON, APPELLANT.

INTENT TO MURDER—USE OF DEADLY WEAPON.  An intent to murder cannot be conclusively inferred from the mere use of a deadly weapon; and an instruction to the jury to that effect in a murder trial, is error.

PRESUMPTIONS FROM USE OF DEADLY WEAPON.  When a deadly weapon is used in a manner likely to occasion the death of another, and death is the result, the presumptions are that the person using it intended to kill, and that such intent is a malicious one, but neither presumption is conclusive.

INTENT TO KILL—WHEN ESSENTIAL TO CONSTITUTE MURDER.  An intent to take life is an essential element in the constitution of murder in the first degree, except where it is committed in the perpetration or attempt to perpetrate arson, rape, robbery, or burglary.

APPEAL from the District Court of the Fourth Judicial District, Lyon County.

Defendant was indicted for the murder of Charles Watson, committed on or about April 9th, 1868, in Lyon County, by stabbing him with a pocket knife, by means whereof he then and there died. The cause was tried in May, 1868, and resulted in a conviction for the crime of murder in the first degree.

A number of points were raised and discussed by counsel, which it is unnecessary to notice for the reason that only one was passed upon by the Supreme Court, which is fully set forth in the opinion.

*F. H. Kennedy*, for Appellant.

The instruction given by the Court below to the jury, that " the intent to murder is conclusively inferred from the use of a deadly weapon," would deny a man the right of using any weapon by which death could be inflicted either in defense of his own life, his property, or his family.  The result would be that if in any case he used a deadly weapon and killed a person, no evidence of any kind would be admissible to rebut the presumption that he intended to commit murder, for the presumption would be *conclusion*.  The Court might as well have charged the jury that " the intent to murder being conclusively inferred from the use of a deadly weapon, and it having been proved and admitted that George Newton killed

Charles Watson, now if he did this with a deadly weapon, he is guilty of murder, and you will state in your verdict the degree." We care not how many instructions were given conflicting with this or which might explain it, this plain instruction was given, and it is clearly not the law.

*Wm. M. Gates*, District Attorney of Lyon County, for Respond-ent.

There was no error in giving the instruction complained of. (1 Greenleaf on Evidence, Sec. 18 ; 2 Bishop on Crim. Law, Secs. 710, 725 ; Whar. Am. Law of Hom. 385 ; 1 Russ. on Crimes, 658, 660.)

By the Court, LEWIS, C. J.

Among the instructions given to the jury in this case, at the request of the prosecution, we find the following : " A man is presumed to intend the natural and probable consequences of his own acts ; so the intent to murder is conclusively inferred from the use of a deadly weapon." Murder is a word of technical signification, meaning not only the killing of a human being, but the perpetration of it in a particular way ; that is, with malice aforethought.

If, therefore, the intent to murder be conclusively established or inferred from the use of a deadly weapon by the person killing, proof by the prosecution that the prisoner took the life of his victim with such weapon would, under almost any state of case, authorize a conviction of murder, and preclude all evidence on the part of the defendant to reduce the crime to manslaughter or to show a justification ; for if the killing be committed with malice prepense, no provocation can reduce the crime to manslaughter. Hence, in all cases of killing with a deadly weapon, the prisoner would certainly be precluded from availing himself of any circumstances tending to reduce the crime, or even to show himself justified in the killing.

The law, it is true, very properly presumes that all rational beings intend the natural and probable consequences of their acts.

Hence, when a deadly weapon is used by a person in a manner likely to occasion the death of another, and death is in fact the result, the presumption is that the person so using the weapon intended to kill; and the Courts generally hold that malice is also to be presumed in such case, but neither presumption is by any means conclusive, and most assuredly is it not, unless the weapon be used in a manner likely to produce death.

In cases of homicide *per infortuniam*, occasioned by a deadly weapon, if the inference of an intent to kill be conclusive, the defendant would not be allowed to overcome such inference by proof that the killing was accidental. For example: If a man, in hunting, accidentally kill a person concealed, this is by the law deemed excusable homicide; but if the law be correctly stated in this instruction, the defendant in such case would not be allowed to show the killing to have been accidental.

Happily, however, the law, which is the embodiment of reason, is not marred by any rule so shocking to every sense of justice and propriety. In our judgment, the mere use of a deadly weapon does not in any case make the inference of an intent to kill conclusive. The instruction, therefore, misstates the law, and the giving of it was, under the circumstances of this case, calculated to mislead the jury to the prejudice of the defendant.

The prisoner, who, by the law of this State, is allowed to testify for himself, swore on the trial that he had no intention whatever of taking the life of the deceased, and did not know until after the struggle had ceased that the deceased was seriously wounded. If the jury believed this testimony and were permitted to act on it, the conviction would certainly not have been for murder in the first degree. For the intent to take life is an essential element in the constitution of murder in that degree, except when it is committed in the perpetration or attempt to perpetrate arson, rape, robbery, or burglary. As, however, the jury were instructed that the use of a deadly weapon made the inference of an intent to kill conclusive, the defendant's testimony could not be considered by them.

Judgment reversed.