State of Nevada *v.* McGinnis.

# STATE OF NEVADA, RESPONDENT, *v.* JOHN McGINNIS, APPELLANT.

CRIMINAL LAW—APPEAL—INSUFFICIENCY OF EVIDENCE. A judgment in a criminal case will not be disturbed by the Supreme Court on the ground of insufficiency of the evidence, if there be any evidence tending to prove the allegations of the indictment.

JURIES NOT MISLED BY UNOBJECTIONABLE INSTRUCTIONS. It cannot be claimed that a jury in a criminal case has been misled by a charge of the Court, in which no specific error is suggested or appears.

EVIDENCE OF GOOD CHARACTER IN CRIMINAL CASES. An instruction in a criminal case to the effect that evidence of good character is proper in all criminal cases, and that in doubtful cases it frequently becomes material, and is sufficient to turn the scale in favor of the accused; and that, should the jury be in doubt as to the facts or guilt of defendant, it might give evidence of previous good character such weight as to acquit: *Held*, to be entirely too broad, and properly refused.

"INDEPENDENT AND POSITIVE EVIDENCE" AS TO CRIMINAL INTENT. An instruction in a criminal case to the effect that the intention of the accused at the time of the act done is the principal fact upon which defendant's guilt as charged depends; and that it is the duty of the State to establish by positive evidence the intention of the accused, so as to leave nothing to be inferred from the other facts of the case with regard to the intention; and that if the State failed to give such independent and positive evidence of intention the jury should acquit: *Held*, erroneous and properly refused.

PROOF OF CRIMINAL INTENT. Criminal intent can only be proven as a deduction from declarations or acts; when the acts are established, the natural and logical deduction is that defendant intended to do what he did do, and if he offers no excuse or palliation of the act done, such deduction becomes conclusive.

APPEAL from the District Court of the Third Judicial District, Washoe County.

The assault, out of which the prosecution arose, took place about eleven o'clock of a star-light night, in June, 1869, near Erlanger's corner, in Washoe City. Several witnesses were attracted to the spot, only one of whom testified to seeing a pistol in defendant's hands. The only testimony introduced in defense was that of two witnesses, as to defendant's previous good character for peace.

A motion for new trial having been denied, defendant was sentenced to pay a fine of one thousand dollars, or be imprisoned in the county jail of Washoe County at the rate of one day for every two dollars of unpaid fine.

*Webster & Boardman,* for Appellant.

I.   That the accused had no considerable provocation for the assault is an essential fact, and should be affirmatively proven. (*Commonwealth* v. *James McKie,* 1 Criminal Leading Cases, 347; *Commonwealth* v. *Clarke,* 2 Met. 24; Bishop's Criminal Procedure, Sec. 496; *People* v. *Marks,* 4 Parker's C. C. 153.)

II.   When the Court, in charging the jury, makes use of language in a sense different from that in which it is generally used, the sense in which it is used should be explained to the jury, or they will be left in doubt or uncertainty as to the meaning of the terms. When the words *legal intent* are used, the Court should explain their import. (*People* v. *Byrnes,* 30 Cal. 207.)

III.   If certain acts are shown to have been committed by an accused person, the law does not conclusively presume in all cases that he intended all immediate and necessary results arising therefrom. The Court should qualify such instructions so as to meet the case on trial, or the jury will be misled. (1 Criminal Leading Cases, 353; *Swallow* v. *The State,* 22 Alabama, 20; 1 Bishop's Criminal Procedure, Secs. 486, 492, *et seq.*; 2 Criminal Leading Cases, 514; Bursell on Circumstantial Evidence, 49; *State* v. *Gardner,* 5 Nev. 377.)

*Robert M. Clarke,* Attorney-General, and *Thomas Wells,* for Respondent.

I.   The record shows that the defendant offered no testimony except as to his previous good character for peace.   The evidence for the State on the other hand was clearly sufficient to justify the verdict, because while the *corpus delicti* was proved by direct, positive testimony, there was no effort made to show any, even the slightest, provocation given to induce or justify the assault.

II.   The intent, certainly, is the gist of the offence, but it does not necessarily have to be proven by direct, positive evidence; it may be deduced from the circumstances of the offense; as that the assault was made not *se defendendo* and unprovoked.   (Statutes of 1861–64, Sec. 47; 29 Cal. 687; 3 Greenleaf Ev., Sec. 13; 1 Bishop's Criminal Law, Sec. 227; 28 Cal. 490; 30 Cal. 151; 32 Cal. 231; 34 Cal. 191; 5 Blackford, 579.)

III.   The evidence given of defendant's previous good character for peace and quietude was not within the rule.   (5 Cal. 12; 6 Cal. 214.)

By the Court, WHITMAN, J. :

Defendant was convicted of an assault with a deadly weapon with intent to inflict upon the person of one William D. Knox a bodily injury, committed by striking said Knox on the head with a heavy pistol.

It is sought to reverse the judgment upon several grounds. First, of insufficiency of the evidence.   There was some evidence tending to prove the allegations of the indictment.   Such being the case, the verdict cannot be disturbed by this Court.

The second ground urged is, that the charge of the Court is not law, is ambiguous, and misled the jury.   No specific error is suggested, and upon review of the entire charge none appears, so it cannot be said that the jury could have been misled.

The third ground of error is, the refusal to give certain instructions asked by defendant, as follows:   " Evidence of good character is proper in all criminal cases, and in doubtful cases frequently becomes material, and is sufficient to turn the scale in favor of the accused; and should the jury in this case be in doubt as to the facts or guilt of the defendant as charged, you may give evidence of previous good character such weight as will turn the scale in his favor, and find the defendant not guilty."

State of Nevada *v.* McGinnis.

2d. " The intention of the accused at the time of beating Knox as charged in the indictment is the principal fact in the case, and upon which the defendant's guilt as charged depends. It is the duty of the State to establish by such positive evidence the intention of the accused at the time of the beating charged, as to leave nothing to be inferred from the other facts in the case, with regard to the defendant's intention to do Knox a bodily injury at the time of the assault charged ; and if in your judgment the State has failed to give such independent and positive evidence of intention, you will acquit the defendant as charged in the indictment."

3d. " If the State has not established by proof, independent of the other facts in the case, that McGinnis at the time of the assault charged intended bodily injury to Knox, you are bound by your oaths to acquit him of such intention."

The first of these instructions is stated in language altogether too broad. (*Stephens* v. *People,* 4 Parker's C. C. 396 ; *Coats* v. *People,* Ibid, 662.) The second instruction states, or attempts to state, a proposition which it is somewhat difficult to understand. How can an intention be proven save as a deduction from declarations or acts ? Of the two, the latter is the safer foundation for the deduction. The deduction should be natural, and so logical ; but there can be no express positive proof of an intention other than as suggested. In this case the jury, by their verdict, found that the defendant was guilty as charged. To warrant that finding under the proof, they must first have found the fact of the striking of Knox upon the head by defendant with a heavy pistol. Second, that Knox was thereby injured. As has been said, there was evidence tending to establish these facts ; such being found, the only natural or legal deduction as to the intention of defendant therefrom was, that he intended to do what he did do ; and such became conclusive when he offered no excuse or palliation of the act done. The jury were authorized to make this deduction from the facts, and so the intention was proved, and it would have been gross error for the Court to have given the instructions asked. The third instruction falls within the same rule.

The judgment of the District Court is affirmed.

LEWIS, C. J., did not participate in the foregoing decision.