## ANN HANDY *v.* THE STATE.

1. KEEPING BAWDY HOUSE. *Indictment.　Averment of place.*
   If an indictment for keeping a bawdy house aver that the offense was committed in the county where the indictment is found, it need not allege that the house was kept in a public place, city, town, or village, or on or near any public street or highway, or that any person resided near thereto or was in the habit of passing thereby.

2. SAME. *Evidence.　General reputation of house.*
   On the trial of a person charged with keeping a bawdy house, evidence as to the general reputation of the house kept by the defendant is incompetent evidence of the offense charged.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

Ann Handy was indicted for keeping a bawdy house. The indictment only set out that the offense was committed in Copiah County, without specifying anything further as to the place where the house was kept. The defendant moved to quash the indictment because it failed to show that the house which the defendant was charged with keeping was situated in any public place, as in a city, town, or village, or that it was near any public street or highway, or that any person resided near thereto, or that any person was in the habit of passing thereby.

The court below overruled the motion.

The defendant was put upon trial, and the only evidence offered by the State was as to the character and general reputation of the house kept by the defendant. The jury found a verdict of guilty, and the defendant appealed.

*L. B. Harris,* for the appellant.

1. The indictment should have been quashed, because it does not show particularly that the house alleged to be a bawdy house was in a public place, etc., etc. See *Mains* v. *The State,* 42 Ind. 327, and 13 American Rep. 364, in which it is also reported. This case we think is *precisely* in point on the motion.

2. Proof of general reputation that a house is a bawdy house is not admissible—it is hearsay. The case of *Henson* v. *The State,*

Maryland Court of Appeals, June, 1884, reported in *Central Law Journal* of September 19, 1884, page 230, reviews at length the decisions as to the admissibility of general reputation, and holds, with other authorities, that it is hearsay, and not admissible. The attention of the court is particularly invited to the above case, which was that of a bawdy house.

*T. M. Miller*, Attorney General, for the State, cited the following authorities: Wharton's American Crim. Law 2385; 2 Bishop's Crim. Practice, § 84, and references in note; *Commonwealth* v. *Stewart*, 1 S. & R. 342; *State* v. *Homer*, 40 Maine 438; Wood on Nuisance, § 29, p. 36; Bishop's Crim. Practice, §§ 89 and 90 and note; *Caldwell* v. *State*, 17 Conn. 467; *Commonwealth* v. *Garnett*, 1 Allen 7; cases cited in note to *Henson* v. *State*, *Central Law Journal*, Sept. 19, 1884.

ARNOLD, J., delivered the opinion of the court.

It was not necessary to allege in the indictment that the house was kept in a public place, city, town, or village, or on or near any public street or highway, or that any person resided near thereto, or was in the habit of passing thereby. According to approved forms and precedents, it was sufficient on this point to charge that the house was kept in the county in which the indictment was found. Bishop's Directions and Forms, §§ 781 and 782; Bish. Cr. Pro., § 84.

The motion for a new trial should have been sustained, because the testimony was not sufficient to convict, and the evidence in regard to the general reputation of the house was incompetent. There are some authorities which hold that evidence as to the general reputation of the house in such case is admissible, but this doctrine is not generally accepted, and we prefer to follow the authorities which reject it. 2 Bish. Cr. Pro., § 91; *Wooster* v. *State*, 55 Ala. 217; *Toney* v. *State*, 60 Ala. 97; *People* v. *Manch*, 24 How. Pr. 276; *U. S.* v. *Jourdine*, 4 Cranch Cir. Ct. 338; *Com.* v. *Stewart*, 1 Serg. & Rawle 344; *Smith* v. *Com.*, 6 B. Monroe 21; *Henson* v. *State* (Md.), 19 Cent. L. J. 230.

The reasons for the exclusion of such testimony are accurately

and tersely stated in the opinion of the Supreme Court of Alabama, in *Wooster* v. *The State, supra.* Judge Brickell, delivering the opinion of the court in that case, said: "The accusation of keeping a bawdy house is of a specific offense, in its nature susceptible of proof by witnesses who speak from their knowledge. The rule is that hearsay evidence—and such is the evidence of reputation—is inadmissible to establish any specific fact capable of direct proof by witnesses speaking from their own knowledge; and when the rule is relaxed it is from necessity alone. *Overstreet* v. *State,* 3 How. (Miss.) 328. The accusation is not that the defendant kept and maintained a house which bore an evil name, but that she kept and maintained a bawdy house, indictable, not because of its ill fame, but because of the immoral and corrupting practices there indulged, and the evil persons there permitted to congregate for these practices. It is these practices and the character of the persons there frequenting, and these only, which could render it a bawdy house in the meaning of the law. If it has maintained that reputation justly it is from these specific facts; and it seems to us, in accordance with principle, and with the humanity of the criminal law, to require the evidence of these facts, and not of the reputation which, if it really and truthfully exists, is based on them. We hold that the circuit court erred in admitting the evidence of the general reputation of the house. But the evidence of the general character of the inmates of the house for chastity was properly admitted."

In these reasons and conclusions we concur.

*Reversed.*