GEORGE C. PRICE v. CITY OF GULFPORT.

[52 South. 486.]

CRIMINAL LAW AND PROCEDURE. *Keeping intoxicating liquors for sale Evidence.* Laws 1908, *ch.* 114. Laws 1908, *ch.* 115.

In a prosecution for having intoxicating liquors in possession with intent unlawfully to sell them, made an offense by Laws 1908, ch. 114, sec. 1797, evidence that accused was constantly receiving such liquors by freight in large quantities from without the state, and that many bottles, some empty and some filled with such liquors, were found in his dwelling was admissible, and, the quantities being considerable, will, in the absence of an explanation, justify a conviction, under Laws 1908, ch. 115, sec. 1747, making the possession of appliances adapted to the retailing of such liquors presumptive evidence that the possessor was keeping intoxicating liquors for sale.

FROM the circuit court of Harrison county.

HON. THOMAS H. BARRETT, Judge.

Price, appellant, was convicted in the municipal court of Gulfport of keeping intoxicating liquors, with intent unlawfully to

sell them, in violation of an ordinance of the city. He appealed to the circuit court, was there tried *de novo,* was again convicted and appealed to the supreme court. The ordinance was the same as Laws 1908, ch. 114, sec. 1797. The facts upon which the case was decided are stated in the opinion of the court.

*J. H. Mize,* for appellant.

The court erred in admitting in evidence the whiskey seized in the depot by the officer. We think it was error to admit this evidence because the four cases found in the depot had never been in the actual possession of the appellant.

The court below erred in admitting in evidence copies of the records of the Louisville & Nashville Railroad Company. We think this error well taken because the records introduced are shown to be carbon copies and not originals, and, further, we think that evidence to show that appellant had been getting quantities of liquor previous to the finding of the whiskey in his residence is incompetent, and only tended to prejudice the appellant in the eyes of the jury.

The court below erred in admitting in evidence the forty-two pints of whiskey found in Caspar Vahle's room and claimed by Vahle.

This is flagrant error, for which this case should be reversed. It is uncontradicted in the record, and Caspar Vahle himself testified that the room in which the forty-two pints of whiskey were found was Caspar Vahle's room, which he rented from Price and that the whiskey belonged to him. In this, he is corroborated by witnesses, Steiffer and Krebs, both of whom say that it was Vahle's room.

"The evidence of the possession by others of liquors kept for unlawful sale is not permissible where the defendant is in no way connected with the keeping of them." *Efird v. State,* 71 S. W. 957; 7 Ency. of Ev. 741.

This is not a prosecution for the sale of liquor. Until the enactment of Code of 1906, § 1762, the state even in prosecutions for the sale of liquor, had to select one sale within two years and then give all the evidence it could to substantiate that particular sale, the first sale located, but, having located a sale, it could not give evidence of any other sale; if so, it was reversible error. 70 Miss. 699; *Ware v. State,* 71 Miss. 204. The code section, 1862, does not apply to having in one's possession intoxicating liquors for the unlawful purpose of sale, as the court will see by even a casual reading of the section that it limits such evidence to cases of sale or giving away of liquors, bitters, etc., and does not apply to this case.

*John J. Heiss,* and *James R. McDowell,* assistant attorney-general, for appellee.

Fulmer, who testified to searching the apartments of appellant, stated that, upon being told the object of the search, the appellant showed him certain bottles of beer in the refrigerator; then pointed out the trap door in the floor and afterwards opened up all the doors of the various rooms in the apartment, including the one afterward claimed by Caspar Vahle as his own, telling him to search as he pleased. The witness found forty-two pints of whiskey concealed in a folding lounge in one of these rooms thrown open to him by appellant. He further testified that, on the same morning, he searched the Louisville & Nashville Railroad Company's freight depot at Gulfport, and there seized four boxes containing twelve gallons of whiskey marked and consigned to appellant. This is not all, for this witness further said that on returning to this depot on the afternoon of the same day, he saw and heard the defendant say he was reshipping two boxes of whiskey back to New Orleans.

During the testimony of this witness, on request of the appellant, the jury was taken for an inspection of the premises of appellant, and what they saw in the arrangement and parapher-

nalia of the place with reference to its equipment and adaptability for a blind tiger resort, in view of their verdict, could not have been favorable to the defendant.

There was one other witness for the city, Call, the local cashier of the freight depot. This witness produced the official duplicate freight bills covering a period of twenty-three days prior to the arrest of the defendant. These freight, or expense bills, as he termed them, showed shipments of whiskey to the appellant consisting of seventeen cases of whiskey, which, from the testimony of officer Fulmer, contained three gallons in each box, or fifty-one gallons. Fifty-one gallons received at the depot on November 10th, 13th, and 20th. It is further testified to by Call that the appellant himself signed for all of this whiskey, and that his signature, so made, appeared to each of the duplicate freight bills, or expense receipts.

And what is the defense? Even a casual reading of the testimony of Vahle, Streiffer and Krebs will show that not only would the jury have a right to believe that Vahle was a tool of the appellant's in the liquor business, but they are not justified in reaching any other conclusion.

In fact, the appellant's own witnesses contributed whatever was lacking, if anything was, to prove the guilt of the defendant under this affidavit.

Argued orally by *J. A. Mize,* for appellant, and by *James R. McDowell,* assistant attorney-general, for appellee.

McLAIN, C.

Appellant was convicted by the police justice of the city of Gulfport upon affidavit charging him with unlawfully keeping for sale intoxicating liquors. He appealed the case to the circuit court of Harrison county, and was convicted and sentenced, and from that judgment he prosecutes this appeal.

Appellant's chief assignment of error is that the evidence upon

which he was convicted was not competent testimony to submit to the jury, and that the evidence upon the whole was not sufficient to sustain the verdict. On November 23, 1909, appellant was running a poolroom in the city of Gulport, and a few blocks away he lived upstairs in a building owned by one Streiffer, from whom he rented. Streiffer occupied the lower part of the building as a store, dealing mostly with sailors—supplying sailors and vessels with supplies. On November 23, 1909, the police officers of the town searched his dwelling for intoxicating liquors. Eight bottles of beer were found in the refrigerator, and forty-two pints of whiskey were found between a folding lounge or bed. In the room in which this whiskey was found, a trapdoor was discovered, cut in the floor of the room, thereby forming a kind of closet between the floor and the ceiling of the lower room. Some bottles were found in this place, but were empty. At the same time, the officers found at the Louisville & Nashville freight depot, four cases of whiskey in bottles, making twelve gallons. The cases were marked and consigned to appellant, and he had paid the freight on same, and had receipted the railroad agent for the whiskey.

The railroad agent on the trial of the case, testified, and produced the official duplicate freight bills covering a period of twenty-three days prior to the arrest of the defendant. This showed shipments to appellant on November 10th, 13th, and 20th of seventeen cases of whiskey, three gallons to the case, making fififty-one gallons. Appellant signed for all of this whiskey and paid the freight; his signature appearing to each of the duplicate freight bills. The defendant offered no proof whatever to explain any of these matters, except one Casper Vahle testified that he had, a short time before the finding of the whiskey, rented this room from appellant in which some of the whiskey was found, and that the whiskey found there was his whiskey. Upon an inspection of all the testimony in the

case, many facts and circumstances appear strongly suggesting and indicating that Casper Vahle was a mere tool or agent of appellant.

We think all this testimony was admissible as against the objection that it was irrelevant and immaterial. While it was not a violation of law to purchase whiskey outside of the state and ship it into the state, yet, where the defendant is charged with having in his possession intoxicating liquors with the intention or for the purpose of selling the same in violation of law, evidence that he was receiving whiskey was a relevant fact in connection with the charge. *Bonner v. State,* 2 Ga. App. 711, 58 S. E. 1123. Section 1747, ch. 115, p. 117, Acts 1908, provides, among other things, that if any one shall be found in possession of appliances adapted to retailing such liquors it shall be presumptive evidence that the person owning or controlling such appliances is engaged in selling or bartering intoxicating liquors contrary to the law. *Gillespie v. State,* 96 Miss. 856, 51 South. 811.

This conviction is had upon a record containing no direct and positive proof that appellant did unlawfully sell intoxicating liquors, yet it does show that he had in his possession many gallons of intoxicating liquors from time to time, under circumstances, wholly unexplained, as to warrant the jury in finding him guilty, when these facts and circumstatnces are considered in the light of all the evidence, along with section 1797, ch. 114, and section 1747, ch. 115, Acts 1908, bearing upon the question.

PER CURIAM. The above opinion is adopted by the court.

*Affirmed.*