HORTON *v.* STATE.[*]

(Division B.   Oct. 8, 1928.)

[118 So. 375.   No. 27373.]

---

[*]Corpus Juris-Cyc. References: Intoxicating Liquors, 33CJ, section 492, p. 752, n. 13.

*Boggan & Leake,* for appellant.

*J. L. Byrd,* Assistant Attorney-General, for the state.

ETHRIDGE, J. The appellant was convicted of the sale of intoxicating liquor and sentenced to pay a fine of two hundred and fifty dollars, and to serve a term of ninety days in the county jail.

The main assignment of error is that the court erred in permitting the witnesses Elzy Carr, O. T. Trapp, and Manus McMillon to testify as to conditions existing at the time and place of arrest; the said witnesses having no personal knowledge of the sale to Gilbert Gray. The testimony shows that Gilbert Gray and his father, who was a deputy sheriff, and the above-named witnesses, passed by the appellant and another, who had stopped their car, and that Gray, after having passed them, went back to where the appellant and his companion were and bought whisky from the appellant. It appears that the said parties had reason to believe that the appellant was engaged in the sale of whisky, and were investigating and trying to procure evidence of his offense. After passing the car of the appellant, which was standing still, Gray returned and solicited a sale of some whisky from him. Gray's testimony shows that Horton asked him who he was, and that he told him; that he then asked him who his father was, and upon Gray's telling him, the appellant said, "I know your father and I know he is mighty against whisky, but I don't know you;" that he replied that that did not mean that he (Gray) was opposed to the sale of it; and that thereupon appellant's companion urged the appellant to let Gray have the liquor, which appellant did, and Gray paid him money for

the same. The witness Gray then returned to his party and exhibited the whisky, and he, with the rest of his party, went back to appellant's car and placed him under arrest. On the road beside the car was found a gallon container nearly full of liquor, and in the car was found some other bottles with a small amount of liquor in them. The defendant and his companion denied Gray's statement.

We think the evidence of Carr, Trapp, and McMillon was admissible as circumstances tending to show that the appellant was engaged at the place in the sale of liquor, and that it does not come within the rule contended for by the appellant.

The judgment of the court below will therefore be affirmed.

*Affirmed.*