322

(C. C. A.), 161 F. 241; A. T. & S. F. Ry. Co. v. Matthews, 174 U. S. 96, 19 S. Ct. 609, 43 L. Ed. 909; Mills v. Olsen, 43 Mont. 129, 115 P. 33.

Perceiving no error on the record, the judgment and order are affirmed.

ON PETITION FOR REHEARING

May 15,.1929.

*Per Curiam:*

Rehearing denied.

STATE *v.* MULDOON

No. 2837

March 5, 1929.                                                                     274 P. 922.

*Frame & Raffetto,* for Appellant:

*John R. Ross,* District Attorney; *M. A. Diskin,* Attorney - General, and *Wm. Forman, Jr.,* Deputy Attorney - General, for the State:

## OPINION

By the Court, SANDERS, J.:

The appellant, William Muldoon, designated herein as "defendant," was convicted of the crime of having in his possession, for the purpose of sale, a narcotic drug, to wit, yen shee, in a quantity exceeding one ounce. Upon his conviction the defendant was sentenced to confinement in the state prison for a period of not less than 10 years nor more than 15 years. The defendant appeals to this court from the judgment and sentence, and also from an order denying the defendant's motion for a new trial. The defendant seeks reversal of the judgment and order appealed from upon the grounds of the insufficiency of the evidence to support the judgment and sentence; that the judgment is against law; and that the trial court misdirected the jury upon one of the ingredients of the offense charged, namely, intent.

The information upon which the defendant was convicted is grounded upon section 5 of the narcotic act of 1923, as amended by the act of 1925 (Stats. 1923, p. 39, c. 33; Stats. 1925, p. 231, c. 146). Section 5 of the act as amended reads:

"A peddler of any of the narcotic drugs enumerated in section one of this act is hereby defined as a person selling, furnishing, or giving away or having in his possession for the purpose of sale, furnishing, or gift of any of said narcotic drugs in quantities not exceeding one ounce.

"A wholesaler of any of the narcotic drugs enumerated in section one of this act is hereby defined as a person selling, furnishing, or giving away, or having in his possession for the purpose of sale, furnishing, or gift of any of said narcotic drugs in quantities exceeding one ounce. Any person violating the provisions of

this section shall be guilty of a felony, and shall be punished as follows: Any person who shall be convicted of being a peddler as herein defined shall be punished by imprisonment in the state prison for a period of not less than five years, and any person who shall be convicted of being a wholesaler as herein defined shall be punished by imprisonment in the state prison for a period of not less than ten years. Proof of the possession of any narcotic drug inclosed or wrapped in a package or container or otherwise arranged in such form as to be suitable or adapted for the purposes of sale shall be prima-facie proof of possession for the purpose of sale."

The facts, in brief, are substantially as follows: William Muldoon, an Indian, conducted a grocery store in the incorporated town of Yerington, adjacent to an Indian camp therein. On November 5, 1927, his place of business was visited by two federal narcotic inspectors, armed with a warrant to search defendant's premises. When the defendant was informed by the inspectors of the warrant, he stated to them that it would be unnecessary to make a search, as he had the "stuff" and would have his wife give it to them. His wife left the presence of the parties and returned with a can containing more than four ounces of yen shee. No search apparently was made by the inspectors to find other narcotics. One of the inspectors who testified upon the trial stated that the defendant offered them $1,900 to forget the incident and keep "mum." The defendant was placed under arrest and taken before a United States commissioner in Yerington, where one of the inspectors, A. W. Roberts, the witness referred to, swore to a complaint against the defendant, presumably under the federal narcotic act. The record discloses that the government yielded its jurisdiction over the defendant, and he was delivered into the custody of the local state officers, and he was prosecuted, as above stated, for the violation of the narcotic act of 1923, as amended by the act of 1925.

At the close of the testimony the jury was

burdened with 18 instructions as to the law and procedure. Counsel for the defendant contends that particularly two of the instructions, namely, instruction No. 5 and instruction No. 12, constitute reversible error.

Instruction No. 5 reads as follows: "You are instructed that proof of the possession of any narcotic drug inclosed or wrapped in a package or container, or otherwise arranged in such form as to be suitable or adapted for the purpose of sale, shall be prima-facie proof of possession for the purpose of sale."

It will be observed that this instruction conforms to the language of the statute with respect to the rule of prima-facie evidence, and its application was left entirely with the jury. Conceding that the narcotic drug found in the possession of the defendant was not inclosed or wrapped in a package, or container, such as might be considered as being particularly adapted for the purpose of the sale of its contents, either by wholesale or peddling, nevertheless, it was for the jury to determine whether, under all of the facts and circumstances, the drug was arranged in such form as to be suitable or adapted for the purpose of sale. It frequently happens that a statute designates a certain kind of evidence as proof of certain facts. For example, our attention is directed to statutes which prescribe that having spirituous liquor on a counter in a public house shall be prima-facie proof of selling. This designation, however, does not, unless the statute expressly so provides, exclude other proof of such facts. 1 Wharton's Criminal Evidence (10th ed.) sec. 157. The can, containing more than four ounces of yen shee, found in the possession of the defendant, was admitted in evidence as being prima-facie proof, in connection with other facts, that the defendant possessed the drug for the purpose of sale. Conceding that the can was not a container such as that used by those lawfully engaged in the business of sale of such drugs, it, nevertheless, was a question for the jury to determine whether or not the particular receptacle was suitable or adapted for the purpose of the sale of its contents. Under the rule of prima-facie

proof as laid down by the statute, the state was not limited or restricted to any particular kind or character of container, provided it was one suitable or adapted for the purpose of sale of the drug, either by peddling or in bulk.

■ Instruction No. 12 complained of reads as follows: "The jury is instructed that upon the question of intent the law presumes a man to intend the reasonable and natural consequences of any act intentionally done; and this presumption of law will always prevail, unless, from a consideration of all the evidence bearing upon the point, the jury entertain a reasonable doubt whether such intention did exist."

Counsel for the defendant contends that the giving of this instruction was prejudicial, in that it eliminated from the jury the question of intent, provable as any other fact in the case. In support of this contention, counsel relies upon the authority of the cases of State v. Pappas, 39 Nev. 40, 152 P. 571, and State v. MacKinnon, 41 Nev. 182, 168 P. 330. We do not consider the cases in point. In those cases the trial court in effect instructed the jury that the law presumes the existence of a specific intent. The instruction here does not do that. It simply advises that the law presumes a man to intend the natural consequences of an act intentionally done, and leaves to the jury the determination of what the intention was.

It is argued on behalf of the defendant that the evidence is insufficient to support the verdict. After a consideration of the entire evidence, we are not in accord with this contention.

The judgment is affirmed.

COLEMAN, J.: I concur.

DUCKER, C. J., concurring:

I concur in the order of affirmance and in so much of the opinion of Justice SANDERS as deals with instruction No. 5.

I also concur in the conclusion that the giving of instruction No. 12 was not error. The law certainly

330

presumes a man to intend the reasonable and natural consequences of any act intentionally done. State v. Newton, 4 Nev. 410. The presumption is, of course, one that may be rebutted. This is clearly stated in the instruction.

### ON PETITION FOR REHEARING

August 12, 1929.

*Per Curiam:*

Rehearing denied.

STATE OF NEVADA Ex Rel. NEVADA DOUGLASS GOLD MINES, Incorporated, *v.* THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT, In and For Mineral County, Et Al.

No. 2856

March 8, 1929.                                        275 P. 1.

*C. C. Ward,* District Attorney, and *M. A. Diskin,* Attorney-General, for Respondents:

