STATE *ex rel.* DISTRICT ATTORNEY *v.* WHITE *et al.*

(Division B. April 12, 1937. Suggestion of Error Overruled May 10, 1937.)

[173 So. 456. No. 32662.]

**W. D. Conn, Jr.**, Assistant Attorney-General, for appellant.

**A. B. McCraw,** of Philadelphia, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The State, on the relation of the district attorney of the judicial district in which Neshoba county is situated, filed its bill against Grady White and Mrs. Annie White, under the authority of section 2007, Code of 1930, to abate as a nuisance Grady White's place of business, which he had leased from Mrs. Annie White, upon the ground that he kept intoxicating liquors therein for use and sale. The cause was tried on bill, answer, and proofs, resulting in a decree dismissing the bill upon the ground that the evidence was insufficient to sustain it.

We are of the opinion that the finding of the chancellor must be reversed because it is against the great preponderance of the evidence. As we view the record there is little, if any, substantial evidence to sustain the decree. Section 2007 denounces as a common nuisance any place or room where intoxicating liquors are kept, and provides that such a nuisance may be abated by a writ of injunction upon bill filed in the name of the State by the Attorney General, or any district attorney, or county attorney whose duty requires him to prosecute criminal cases on behalf of the State, and that all rules of evidence and practice and procedure pertaining to courts of equity generally shall apply in such cases.

The evidence showed without dispute the following facts: On the 21st of September, 1935, there was an authorized raid of Grady White's place of business. Two pints of whisky were found in the back room of his store, and thirty or forty feet away, in his garage, 468 pints of whisky were found, some of it in his automobile and some of it elsewhere. As a result of this raid he pleaded guilty to a violation of the liquor laws and was fined $300 and costs, which he paid. On March 6, 1936, his place of business was again raided. Sixteen pints of whisky were found near the store, seven pints in a bucket just across the road about thirty steps therefrom, and nine pints in a hole dug in the ground, covered with

leaves, and about fifty-five steps from the store. A path led from the store to this place. As a result of this raid, White was charged with violating the liquor laws, was convicted, and fined $150 and costs; from that judgment he appealed.

In addition, fourteen witnesses testified that White's place of business had the general reputation of being one where intoxicating liquors were kept for use and sale in violation of law. The only evidence in defense was that of Grady White himself. He admitted that the two pints of whisky found in the back room of the store were his, which he claimed he had for his own use. He denied that the sixteen pints of whisky belonged to him, or that he had any knowledge of its presence near his place. With reference to the 468 pints found in his garage and automobile, he claimed that he was transporting it from Kentucky to New Orleans and stopped at his home to have a flat tire repaired; he said that it was for "a man in New Orleans," but neither gave his name, nor the name of the person, firm, or corporation from which he obtained the liquor in Kentucky. This is a civil cause, and White could, under the law, have taken the depositions of any witnesses in Louisiana and Kentucky who would support his testimony. If his testimony was true, there must have been such witnesses. His story that he was a mere carrier of the whisky for others, under the facts and circumstances, was most unreasonable. His claim is that it was no violation of the law of this state to transport liquor through the state "from one wet state to another." It is not necessary to decide that question.

It is contended that the reputation evidence was incompetent. It might be if it was the only evidence. Where, as here, it is secondary and supplementary, it is competent. Chamberlayne's Modern Law of Evidence, vol. 4, sec. 2740; 3 Wigmore (2 Ed.), sec. 1620, par. 3. Handy v. State, 63 Miss. 207, 56 Am. Rep. 803, is not authority to the contrary. Handy was indicted and convicted for keeping a bawdyhouse. The only evidence for the state

548

was that the defendant's house had the general reputation of being a bawdyhouse, and that the general character of the inmates thereof for chastity was bad. There was no direct evidence that the place was a bawdyhouse. Reputation, therefore, was not offered as supplementary evidence. The court held that reputation as to the house was incompetent, but as to the inmates was competent.

Reversed and judgment here, and remanded.