LEE, et al. *v.* STATE

No. 40847 September 22, 1958 105 So 2d 346

*Jas. R. Davis*, Columbia, for appellants.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

This suit was brought in the Chancery Court of Marion County by the State on the relation of the District Attorney and the County Attorney. The bill of complaint seeks to have declared a nuisance certain property described in the bill and to enjoin the further use, occupancy and operation of said building and place for the purpose

of violating the liquor laws of the State. There were three defendants in the case, namely: Glyn Lee, Shirley Lee, and Sebe McCain. The Chancellor granted the full relief prayed for, but Sebe McCain did not appeal and only Glyn Lee and Shirley Lee are the appellants here.

Three contentions are made in the brief for appellants. One is that at the time of the filing of the bill there was absolutely no evidence of violation of the prohibition laws on the part of appellants and, therefore, the complaint should have been dismissed. The second is that the evidence as to the reputation of the appellants was inadmissible and should have been excluded by the lower court. The third is that the evidence offered by the State completely and wholly failed to sustain the allegations of the bill of complaint.

The premises abated by the final decree are located near U. S. Highway No. 98 about two and one-half miles west of Foxworth. The answer, of course, denies that any unlawful business is carried on in violation of the law on the premises, but it admits that the lands are under the control of the defendants and that they hold no title to the lands but are mere tenants. The bill was filed on June 24, 1957, and Colonel Paul H. Stribling of the Mississippi National Guard testified that he and other members of the Guard searched the premises on August 10, 1957, by virtue of an executive order from the Governor, which is in the record, directing the Guard to carry out and enforce the laws of the State in Marion County. Colonel Stribling said that they first obtained a search warrant from the Chancellor and that they proceeded to the premises arriving at about five P. M. A copy was served on Shirley Lee, but Glyn Lee had gone out the back door upon the arrival of the detachment of the National Guard. Sebe McCain was in the house with Mrs. Lee and she told Colonel Stribling that Mr. McCain was simply an old man without any home and that they were sorry for him and have given him the privilege of

sharing their home with them. Presently, Glyn Lee came in and a copy of a search warrant was served on him. Colonel Stribling told him that everything on the place would have to be unlocked so that they could make a thorough search. Mr. Lee first carried the officers to his Buick automobile and he unlocked the rear trunk which was parked in his carport and in the rear of the car there was a quantity of bonded whiskey and gin and beer and then in the garage and combination brooder house there were two cases of wine in fifths. Then the officers went into the house and searched it and found a half case of wine in fifths and a large quantity of beer plus a refrigerator full of beer.

Colonel Stribling described the setup at the place in question, and it was a typical bootleg joint. There was a road which completely encircled the house and people could drive up and press a button which would ring a bell inside the house and while they were making this search, two young girls came up and asked to buy some whiskey, and Mr. Lee told them, ''This man here has all my whiskey.'' Also, during the progress of the search several carloads of negroes drove up and asked to be served, and the bell got to ringing so much in the house that Mrs. Lee unplugged it so it wouldn't ring.

 ██ It is argued that this evidence which was obtained by a search on August 10, 1957, was not admissible because it was subsequent to the date when the bill of complaint was filed on June 24, 1957. Of course, ordinarily, evidence of events which occurred after the filing of a bill is not admissible to prove the allegations of the bill, ██ but in this case the nuisance was necessary to be shown to be continuous and the fact that it continued after the filing of the bill is clearly admissible. ██ As to the second contention that the reputation of the parties and of the place is not admissible, we refer to the case of State v. Ingram, et al, 176 So. 392; 179 Miss. 485. The Court said, ''It was admissible to introduce evi-

dence as to the reputation of the place because: (1) It was shown that V. C. Ingram was in possession of intoxicating liquor at one time when search was made and pleaded guilty and (2) liquor was found near the building on subsequent searches and was convicted for having possession thereof and paid the fine as stated above.''

Also, in the case of State v. White, 173 So. 456; 178 Miss. 542, the Court said, ''It is contended that the reputation evidence was incompetent. It might be if it was the only evidence. Where, as here, it is secondary and supplementary, it is competent.''

In this case it is shown by the testimony of S. E. Jernigan, deputy sheriff, that he had made a search previously under a search warrant of January 1, 1957. On January 22, Sebe McCain plead guilty to a charge and was sentenced to pay a fine, but the justice of the peace docket does not show what charge was made against him. Mr. Jernigan also made a search in November, 1956, and found beer only, and Sebe McCain was charged with unlawful possession of beer and entered a plea of guilty. Mr. Jernigan also testified that the reputation of all three of the defendants as to violation of the liquor law was bad.

Jake Forbes, a justice of the peace of District No. 3, testified as to Sebe McCain's plea of guilty on December 8, 1956, and also that the judgment of January 12, 1957, was on a charge of possessing liquor and that the judgment should have so shown.

Mr. J. V. Polk, a former sheriff of the county, testified that Glyn and Shirley Lee's reputation for violation of the law on intoxicating liquor was bad.

John R. Reagan, a highway patrolman, also testified that the reputation of Glyn and Shirley Lee for violation of the liquor laws was bad. He said that he regularly patrolled U. S. Highway No. 98 in sight of the place occupied by the Lees and that he had frequently seen young juveniles coming from the direction of the Lee place as

well as a lot of drunks. The juveniles just mentioned had beer in their possession and said they had bought it at the Lee place, and on other occasions has seen young juveniles coming from that direction.

Mr. W. E. Sharp, the sheriff of the county, testified that the Lees had a bad reputation for violation of the liquor laws.

On that testimony. the State rested. The defendants made a motion to exclude all the evidence and discharge them, and the court promptly overruled it. The defendants did not offer any evidence whatsoever.

The appellants argue as their third and last point that the evidence offered by the State completely and wholly failed to sustain the allegations of the bill. We think we have detailed enough evidence to show that this point is wholly without merit, and it is the opinion of the Court that the decree appealed from should be affirmed.

Affirmed.

*Roberds, PJ.*, and *Arrington, Ethridge*, and *Gillespie, JJ.*, concur.