THORNHILL *v.* STATE EX REL. DISTRICT ATTORNEY

No. 40851          September 22, 1958          105 So. 2d 161

*Jas. R. Davis,* Columbia, for appellant.

*G. Garland Lyell,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

The Chancery Court of Marion County enjoined appellant from unlawfully possessing, storing, and selling intoxicating liquors at her place north of Columbia. Miss. Code 1942, Section 2646. She complains that the evidence, with reference to liquor on her premises prior to the filing of the bill of complaint on June 4, 1957, was insufficient to support the decree. A suit to abate a liquor nuisance is a civil action, and the State can make out its case by a preponderance of the evidence. Newman v. State ex rel. Barlow, 221 Miss. 331, 72 So. 2d 700 (1954).

Appellant's property, to which the injunction extends, was described as a 20-acre governmental subdivision. Her answer admitted it was her home. Search of her premises, less than a month prior to filing of the bill, revealed whiskey in an old barn some 50 or 75 yards to the rear of her dwelling. The chancellor was warranted in concluding from the evidence that it was on her premises.

Pursuant to an executive order by the Governor, units of the National Guard searched appellant's place

on August 10, 1957, and turned up large quantities of assorted liquors. Evidence of this search was properly admitted as tending to show the continuing character of the nuisance, where the antecedent facts alleged in the complaint charging the nuisance were shown. Appellant was not tried for selling intoxicating liquor, but for maintaining a nuisance, which may continue beyond filing of the bill. To prove continuance of the nuisance, and for this purpose alone, evidence of post litem motam sales is competent, if the antecedent facts alleged in the bill have first been established. Absent such antcedent evidence, testimony to show that a nuisance not proved continues would, of course, be inadmissible. Murphy v. U. S., 16 F. 2d 595 (CCA 3d, 1926); U. S. v. Gaffney, 10 F. 2d 694 (CCA 2d, 1926); State ex rel. Good v. Boyle, 67 Idaho 512, 186 P. 2d 859, 864 (1947); No. 40,847, Lee v. State, decided September 22, 1958.

It was also proper for the trial court to admit evidence of the bad reputation of appellant's place for the possession and sale of intoxicating liquors. Such evidence is competent where it is secondary and supplementary to direct evidence of the nuisance, possession, storage, or sale on the premises. State ex rel. District Attorney v. White, 178 Miss. 542, 173 So. 456 (1937); State ex rel. District Attorney v. Ingram, 179 Miss. 485, 176 So. 392 (1937).

Affirmed.

*Roberds, PJ.,* and *Hall, Arrington,* and *Gillespie, JJ.,* concur.