SMITH *v.* STATE EX REL. WEATHERSBY, DISTRICT ATTORNEY

No. 42425          November 5, 1962          146 So. 2d 73

*Bidwell Adam,* Biloxi; *Forrest B. Jackson,* Jackson, for appellant.

*G. Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

The Sheriff and District Attorney of Simpson County filed a petition under Sec. 2646, Miss. Code 1942, and charged that the defendant below and appellant here, Vardaman Smith, and his wife managed certain real property in Simpson County, Mississippi, on which were located certain buildings and that intoxicating liquors were kept and stored on said premises and sold therefrom in violation of the laws, and the premises were a public nuisance. Abatement of said alleged nuisance was sought by means of an injunction. A temporary injunction was issued and a short time thereafter Vardaman Smith made, or permitted to be made, several sales of liquor on the premises described in the injunction. Appellant was then cited for contempt and on the contempt hearing did not deny making the sales of liquor on the premises. He was found guilty of contempt and

sentenced to serve ninety days in jail, from which decree he appeals.

■■ The sole question is whether the temporary injunction was void because the premises therein described consisted of approximately fifty acres of land through which the highway ran. Appellant argues that the place or premises which may be enjoined must refer to some specific building, room, or limited area, and that the statute does not authorize an injunction prohibiting the violation of the liquor laws in an area as large as fifty acres. In other words, the injunction should have been limited to a certain building, or buildings, or limited area, on the tract of land. He cites in support of this contention the cases of Rochelle v. State, 222 Miss. 83, 75 So. 2d 268, and Warren v. State, 231 Miss. 343, 95 So. 2d 237. The cited cases hold that the statute does not authorize an injunction enjoining a defendant from violating the intoxicating liquor laws generally, but the injunction must be limited to a particular place described in the writ. Those cases do not aid appellant because the injunction in the present case was limited to the premises described in the injunction. The fact that the premises constituted a fifty-acre tract does not render the injunction void. Thornhill v. State, 234 Miss. 48, 105 So. 2d 161.

We find no error. The decree of the chancellor is affirmed.

Affirmed.

*Lee, P. J., and Kyle, Ethridge and McElroy, JJ.,* concur.