MILLER *v.* STATE.

[75 South. 549, Division A.]

1. INTOXICATING LIQUORS. *Action for penalty. Jurisdiction of chancery court.*

Under chapter 134, Laws 1910, conferring upon chancery courts concurrent jurisdiction with circuit courts to entertain suits for penalties for violation of liquor laws and to suppress nuisances, it was immaterial that the action was for the penalty only, nor was it necessary that such jurisdiction should also exist under Constitution 1890, section 159, since the Constitution practically obliterates the lines of demarcation between courts of law and equity, if the judge and chancellors of the inferior courts choose to disregard or fail to observe those distinguishing lines.

2. INTOXICATING LIQUORS. *Action for penalty. Sufficiency of bill.*

The bill of complaint in this case to recover the statutory penalty for violating the liquor laws under Laws 1910, chapter 134, was held by the court to state a cause of action with sufficient particularity.

3. EQUITY. *Mode of objection to bill.*

If a defendant is not fully informed by a bill to recover the penalty for violation of the liquor laws, his remedy is by motion and not by demurrer.

APPEAL from the chancery court of Hinds county. HON. O. B. TAYLOR, Chancellor.

Suit by the state of Mississippi and Hinds county, upon the relation of *Stokes* v. *Robinson* against Clara Miller. Demurrer to bill overruled and defendant appeals.

The facts are fully stated in the opinion of the court.

*J. A. Teat* and *Chalmers Potter,* for appellant.

The chancery court is given jurisdiction of suits of this character on the fundamental ground of abating a nuisance. If no nuisance exists, there is no nuisance to abate, this proposition is so self evident that it needs no

argument. The contentions set up in the brief of appellee are directly in conflict with the case of the *State of Mississippi* v. *Marion Marshall*, 100 Miss. 626, and until the court shall overturn both the fundamental principles therein involved and this strong and well reasoned opinion, the argument of appellee is not applicable or available.

Article 147 of the Constitution of the state of Mississippi, 1892, is sought as shelter by appellee under the mistaken view of its meaning. That section relates to judgments and decrees as to jurisdiction alone. It does not assist one in pleading a case. The only application which article 147 of the Constitution has upon the hearing of this cause in this court is, in the event of a reversal of this suit, then to remand it to the proper court.

If the complainant has stated a cause of action in his bill, under article 147 of the Constitution the trial court is not held to account for an error of jurisdiction upon review here. But appellee wants the trial court to disregard the distinguishing lines of demarcation between law and equity. The constitutional scheme by which suits may not be defeated on the ground of jurisdiction is an admirable one, but its benificent provisions are far from either laxity or uncertainty by trial courts. No one would think a circuit judge would entertain a bill for divorce or a chancellor a suit for replevin. The dignity, propriety and integrity of the courts would not permit of indelicate assumption of jurisdiction. This sort of thing was never entertained by the framers of the Constitution and has not been sanctioned by the supreme court, but the whole scheme of the Constitution is in aid of and for the purpose of assisting the trial courts in an earnest, faithful and patriotic effort to administer the laws of the land, as best they may in all matters, faithfully cleaving to the well marked lines of jurisdiction, and adhering to the broad distinctions which

have been followed with wholesome results throughout our well developed jurisprudence.

An argument that overlooks, or fails to consider, these guardrails of pleading and procedure cannot be viewed with favor or greeted with approval. No one desires a confusion of pleadings, a mongrel born both to law and equity. Such is mischievous and productive of no good.

The bill does not charge that a nusiance exists, and that being a prerequisite of the statute for equity jurisdiction, it follows necessarily that the chancery court is without jurisdiction in this suit.

Counsel for revenue agent, appellee, contends that the broad, indefinite, uncertain and vague allegations in complainant's bill are sufficient allegations to put the defendant upon notice of the cause of action relied upon to inflict the penalties. The charging clause of said bill is as follows: "That said defendant, Clara Miller, alias Clara Bray, did during the year 1915 and during the month of January, 1916, unlawfully sell and give away and permit to be sold and given away at said defendants place of business in the Town of Edwards, Mississippi, vinous and spiritous liquors. These sales were made to numerous persons and were all in violation of the laws of the state of Mississippi which forbid the sale of said liquors."

Now does the complainant rely upon the acts of defendant in selling or giving away whiskey, or upon acts of some other persons, whom the defendant permitted to sell or give away whiskey. Is the defendant put upon notice of whether or not it is her act which it is sought to penalize her for?

This is not a single act relied upon, isolated by circumstances and conditions, as a homicide, but is the arraignment of the defendant or other unnamed persons for whose conduct she is held accountable, not upon an isolated fact or circumstance, reasonably certain by the existence of it, but for a period of time running through thirteen months. This allegation if designedly

used in the broad and comprehensive terms it contains, would deprive the defendant of the notice sufficient to prepare her case for trial, or upon the other hand, if the broad and uncertain allegations are inaccurately pleaded, the same result must follow.

For these reasons, which appear to us to be true devotion to the law itself, far removed from the controversies of individuals, penalties, and commissions, we respectfully submit that the demurrer should be sustained and the suit dismissed and the plaintiff bring his suit according to law, and if mistaken in this view, then that the demurrer should be sustained and the suit remanded to the circuit court below.

*Virgil Howie,* for appellee.

We understand from the brief for appellant that only two points of the demurrer are being seriously insisted on under this appeal. These are stated in the opening paragraph of counsel's brief.

In the first place it is insisted that there is no allegation of a nuisance in the bill. We cannot understand why counsel should, or could, have overlooked so completely the allegation contained in the amendment to the bill which was filed before their demurrer and which is a part of this record. Counsel who prepared the bill did not then think and does not now think that the amendment was necessary. It has always been our understanding that in order to allege fraud nuisance and all such, it was necessary to state in so many words that certain things constituted a nuisance or fraud. That would be the conclusion of the pleader, as it is necessary to allege the facts which constitutes the thing which the law defines a fraud or nuisance. That was what was done in the original bill. The bill as originally written did not state that the defendant and her place of business was a nuisance, in words naming it, but did state that she was running a business in the town of Edwards and was

selling vinous and spiritous liquor. The statute says what this shall be called, namely, a nuisance. It was not necessary for the bill to state that it was called a nuisance. It stated the facts which the statute provided should be designated as a nuisance.

In the second place and in further answer to this contention, we contend that the chancery court has jurisdiction of the case even though there was no allegation of nuisance whatever. By reference to the act by which this became a law, chapter 134, Acts 1910, it will be observed that the first section provides for the penalty herein sued for. The first part of the second paragraph provides that the "chancery court shall have concurrent jurisdiction with courts of law to entertain suits under the preceding section for the enforcement thereof." This is clear cut vesting of jurisdiction in the chancery court. Further on in the last section a further provision is inserted. It says: "And the chancery court shall have authority to suppress as a nuisance any place of business." There is no way of mistaking what is meant even on a casual reading. There are two provisions in the same section. One says that courts shall have jurisdiction to collect the penalty, five hundred dollars; the other relates to the suppressing of the business. There can be no doubt about what was intended; it was never thought that in order to collect the penalty a proceeding against a nuisance was necessary, or that the two should be inseparable. The purpose was to vest the chancery court with jurisdiction to collect the penalty; a proceeding against a nuisance was necessary, or that the two should be inseparable, the purpose was to vest the chancery court with jurisdiction to collect the penalty, or, suppress the nuisance, or both as the necessities of the case might arise. *State of Mississippi* v. *Marion Marshall,* 100 Miss. 626, 56 So. 793.

This case cites the opinion in the case of *Grenada Lumber Company v. State,* 54 So. 8, to sustain its holding. In this connection the court says: "Jurisdiction

having been conferred on the chancery court to enter-
tain suits for the recovery of the penalties, the point
was made in that case that the chancery court could
not entertain jurisdiction, but this court held that it
could. In principles the Grenada Lumber Company case
in 54 Southern, cannot be differentiated from this case
as to the right of the chancery court to entertain
jurisdiction. If we could hold that the chancery court
did not have jurisdiction to recover the penalties pro-
vided by Act 1910, chapter 134, it would necessarily
result in overruling all of the above maturely considered
cases. We had no doubt of the correctness of those
decisions at that time, and we have none·now. The very
origin of equity courts grew out of the inefficiency of
common-law courts to administer full and complete re-
lief in all cases.''

We feel therefore that further argument on this point
of the appellant is useless, since our court has long
since settled the principle in similar cases and· has ap-
plied this rule to the very statute in question.

The second point raised is even weaker, if that were
possible, than the first. Counsel refers to 30 Cyc., page
1352. Here is the rule there laid down: ''The facts con-
stituting the gravamen of the action should be clearly
and distinctly stated, in order that it may appear that
the case is within the statue.''

What comfort counsel can get out of this we are unable
to see. All that this rule requires is that the fact be
stated so as to show that the case comes under the stat-
ute. Can it be said that this had not been done? Certain-
ly it cannot be. The bill states that the defendant had
been in the business of selling liquor in violation of law
for one year and a month, bringing it up to the very
month in which the bill was filed; in fact the bill was
written in the exact language of the statute. If petition-
er had been drawing an indictment, the words could not
have been followed closer. The exact words of the statute
were used in making the allegation, then the facts that .

she was selling the goods as a business in the month of January, and the entire year before.

In chancery we are not bound by the same strict rules that prevail in the law courts. All that is required is certainty to a reasonable extent. See *Henninger* v. *Heald*, 51 N. Y. Eq. 74, Cyc., page 232, vol 16, states that all that is required is that the time and place to a "convenient certainty" be given. The place is given, namely, at her place of business on a street of Edwards. The time is given as being in the month of January, 1916, and the year before all during the year.

Counsel argue that we should have given the exact date and the person to whom the sale was made. If this had been given they would have wanted to know the hour. This is not required. It has long been the rule, sanctioned time and again by this court, that even in an indictment, a criminal proceeding, and that in a court of law, it was sufficient to allege that the crime was committed "on or about" a certain date, and that it was competent to prove an offense on any date prior to that alleged, within two years. We will certainly not be held to stricter rules.

Counsel insist that the case of *Adams, Revenue Agent,* v. *Griffin,* is decisive and in point. There the bill did not name the parties by whom the lease was made, the date of it, the names of the parties to whom made, nor any of the subsequent holders. This does not fit our case, not in the least. We give dates and names as far as that could be material to the charge under the statute.

The other cases cited are equally inapplicable. All that any hold that could be applicable at all is that reasonable certainty is sufficient. Under this rule our bill will stand. It is certain, absolutely too, the charging of definite facts which bring it under the statute. That is all that could be required.

SYKES, J., delivered the opinion of the court.

Suit was instituted in the chancery court of the Second district of Hinds county by the state of Mississippi and the county of Hinds, upon the relation of the revenue agent, against Clara Miller, or Clara Bray, by attachment and writs of garnishment, to subject certain property owned by her to the payment of penalties provided under chapter 134, Laws 1910, for unlawfully selling and giving away, or permitting to be sold, vinous and spiritous liquors. The bill alleges that the defendant "did during the year 1915, and during the month of January, 1916, unlawfully sell and give away, and permit to be sold and given away, at said defendant's place of business in the town of Edwards, vinous and spirituous liquors. These sales were made to different persons, and were all in violation of the laws of the state of Mississippi, which forbid the sale of said liquors." This bill was demurred to in the court below. The demurrer was overruled, and this appeal is prosecuted to settle the principles of law governing the case.

There are two reasons assigned and argued in this court as to why the demurrer should have been sustained: The first is that the chancery court did not have jurisdiction of the case; the second, that the bill is so indefinite, uncertain, and vague it did not state a cause of action. It is the contention of the appellant that, because no nuisance is charged to have existed at the time of filing of the suit, and the suit is filed to recover penalties alone, and not to abate a nuisance, the chancery court, therefore, had no jurisdiction.

Chapter 134, Laws of 1910, confers upon chancery courts concurent jurisdiction with circuit courts to entertain suits for penalties prescribed therein, and also to suppress the nuisance. When the nuisance has ceased to exist, the chancery court still has the right to entertain a suit for the collection of the penalty under this act. It is contended, however, by the appellant, that

this act cannot of itself confer statutory jurisdiction up-
on the chancery court, but that this jurisdiction must
exist under section 159 of the Constitution of the state.
It is unnecessary for us to go into an extended dis-
cussion of this question, as it has been settled, contrary
to the contention of the appellant, in the able opinion of
Judge ANDERSON in the case of *Grenada Lumber Co.* v.
*State ex rel.,* 98 Miss. 536, 54 So. 8. That case was a
suit alone for penalties, under section 5004, Code of
1906. The same contention was there made as is here
made by the appellant. We now quote the following
from the opinion of Judge ANDERSON, which answers this
contention:

"Prior to the Constitution of 1890 the recovery of
penalties in the chancery court, disconnected from any
equity, was unknown to the jurisdiction of that court.
Section 147 of the Constitution is as follows: 'No judg-
ment or decree in any chancery or circuit court rendered
in a civil cause shall be reversed or annulled on the
ground of want of jurisdiction to render said judgment
or decree, from any error or mistake as to whether the
cause in which it was rendered was of equity or common-
law jurisdiction; but if the supreme court shall find error
in the proceedings other than as to jurisdiction, and it
shall be necessary to remand the case, the supreme
court may remand it to that court which, in its opinion,
can best determine the controversy.' Construing this
provision of the Constitution, in *Cazeneuve* v. *Curell,* 70
Miss. 521, 13 So. 32, the court said: 'We find here
practical authority for the virtual obliteration of the
lines of demarcation between courts of law and equity,
if the judges and chancellors of the inferior courts
choose to disregard or fail to observe those distinguish-
ing lines.' And in *Goyer* v. *Wildberger,* 71 Miss. 438,
15 So. 235, the court through Judge CAMPBELL, said:
'Now courts of law may administer equitable relief, and
courts of chancery legal relief, and no complaint can
be made of it. Under the new Constitution (section 147,
114 Miss.—46

Const. 1890) we have practically a complete blending of law and equity. . . . The necessary effect of section 147 of the Constitution is to produce this result, for it would be absurd for this court to reverse a judgment because equity had been administered by a court of law, and remand the case to the chancery court, with directions to do what the court of law had already done; and so, where chancery had entertained a purely legal demand and disposed of it correctly.' ''

As to the second question, we think the bill states a cause of action with sufficient particularity. If the defendant is not therein fully informed, her remedy is by motion, and not by demurrer.

*Affirmed and remanded.*