ILLINOIS CENTRAL R. CO. v. WALKER.

[77 South. 191, Division A.]

1. CARRIERS. *Live stock. Loss in transit. Burden of proof.*

Where a shipper of live stock sued a connecting carrier for damages arising from delay in an interstate shipment of stock, and charged in his declaration that his contract for shipment was made with the defendant carrier through the initial carrier, and the defendant carrier filed the general issue and *non assumpsit,* in such case the burden of proof was upon the shipper to show that the contract was made as alleged in his declaration.

2. CARRIE⁻ . *Live stock loss. Liability. Connecting carrier.*

Damages to live stock in an interstate shipment, cannot be recovered against a connecting carrier where the proof conclusively shows that the damage was done by the initial carrier.

3. EVIDENCE. *Judicial notice. Railroad ownership.*

Courts cannot take judicial notice of the ownership of railroads because such ownership has been proven in another and different case.

4. CARRIERS. *Live stock. Loss in transit. Burden of proof. Code 1906, sec . 1974.*

Code 1906 section 1974, providing that proof of signature of written instruments shall be unnecessary unless denied under oath is inapplicable where an interstate live stock shipper alleged in his declaration the execution of a contract with the defendant, a connecting carrier, which failed to deny such allegation, and this section did not remove the burden of proof of the execution of such contract from the shipper where the bill of lading on its face was made alone by the initial carrier.

5. APPEAL AND ERROR. *Harmless error.*

Error in rendering judgment against a connecting carrier for damages to live stock by the initial carrier without proof of identity of the two carriers is substantial error and not merely technical.

APPEAL from the circuit court of Clay county.

HON. T. B. WATKINS, Judge.

Suit by Ben Walker against the Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Wells, May & Sanders, R. V. Fletcher* and *Roberts & Beckett,* for appellant.

*Gates T. Ivy,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This cause originated in the circuit court of Clay county. The declaration was filed in that court on Dec-

ember 15, 1916. The suit is founded upon an alleged breach of the contract obligations of a shipping contract in interstate commerce, which shipping contract was made between the plaintiff in the court below and the Yazoo & Mississippi Valley Railroad Company for the transportation of four carloads of cattle from Wilson, a point in the state of Louisiana, to West Point, a station in the state of Mississippi. The suit is brought against the Illinois Central Railroad Company alone; the said company being a connecting carrier. The declaration alleges that at the time of the contract for the shipment of said cattle, that the said Illinois Central Railroad Company was the true owner of a system of railway known as the Yazoo & Mississippi Valley Railroad Company, and that on October 19, 1916, the Illinois Central Railroad Company, defendant, "through and under the name and style of the Yazoo & Mississippi Valley Railroad Company," entered into a contract with the plaintiff for the transportation of said cattle. The shipping contract referred to is made an exhibit to the declaration, and upon inspection it appears as a contract made by the Yazoo & Mississippi Valley Railroad Company with the plaintiff, and upon the face of the instrument the Illinois Central Railroad Company is not a party to it. The gravamen of the complaint made in the declaration is that when said contract was made, the cars upon which the cattle were to be loaded were standing upon the track ready to be loaded, and that the cattle were in fact properly loaded in good order at Wilson, La., yet the defendant wholly failed to properly discharge its duty, and did in fact negligently transport the cattle with unreasonable and unwarranted delay, and with gross negligence, so that the shipment did not arrive at destination until the evening of October 22, 1916, and that by reason of said delay the plaintiff suffered damage by shrinkage in the weight of the cattle.

116 Miss.—28.

To the declaration so filed by the plaintiff in the court below, the defendant, the Illinois Central Railroad Company, filed two pleas; one the general issue plea of not guilty, and the other the general issue plea of *non assumpsit.*

Issue having been joined on the pleadings as shown above, the plaintiff, in support of his declaration, produced certain testimony which appears in full in the record and the substance of which, for the purposes of this appeal, is now briefly stated: That three cars were loaded on the 18th of October and on the evening of the 19th of October. At this point it was sought to introduce the shipping contract made exhibit to the declaration, and to this introduction the defendant objected upon the ground that the Illinois Central Railroad Company was the sole defendant, and the Yazoo & Mississippi Valley Railroad Company, the initial carrier, was not a party defendant. The objection of the defendant was overruled, and the contracts were admitted in evidence. The bill of lading was also introduced in evidence and appears in the record. They both show that the contract was one made with the Yazoo & Mississippi Valley Railroad Company for an interstate shipment of four cars of cattle from Wilson, La., to West Point, Miss. The cattle were loaded at a switch track about one and one-half miles from Wilson, at a point called "Gurlie." It also appears from plaintiff's testimony that the cattle were permitted by the initial carrier, the Yazoo & Mississippi Valley Railroad Company to remain on the side tracks for a period of twenty-four hours because there was no engine there to pull them to the unloading chute. All of this was on the part of the Yazoo & Mississippi Valley Railroad Company, the initial carrier. None of this evidence was admissible as against the sole defendant, the Illinois Central Railroad Company, unless it be assumed that the two railroad companies are identical. Plaintiff

then testified that the cattle were received by him at West Point on the morning of October 23, 1916, the cars having arrived on the night of the 22d of October, and they were unloaded on the 23d. They were, according to plaintiff's evidence, in bad condition. They were hollow-eyed, gaunt, and bruised, and some of them were crippled. Upon receiving the cattle the plaintiff drove them out to his pasture, and fed them that night, and fed and watered and weighed them the next morning. They showed an average loss in weight of one hundred and nine to one hundred and ten pounds. The loss in weight under reasonable conditions should not have been more than forty pounds.

The entire claim of the plaintiff was for damages against the Illinois Central Railroad Company on account of alleged shrinkage in the weight of the cattle, caused by delay in transportation. There was no proof and no effort to prove any delay or mishandling of the shipment by the Illinois Central Railroad Company. The damage sustained was caused by the initial carrier, and if there was any unusual or unnecessary delay in handling the shipment it occurred at Wilson, La., before the cars were delivered to the defendant, the Illinois Central Railroad Company. There was no proof, and no effort was made to prove, that the defendant, the Illinois Central Railroad Company, had any relation to the initial carrier other than as a connecting carrier, under a through bill of lading, and the whole case was tried upon the assumption, without proof, that the two carriers were one and the same, and that the Illinois Central Railroad Company was liable for the default and alleged negligence of the Yazoo & Mississippi Valley Railroad Company.

The main contention of the appellant railroad company here is that the lower court erred in allowing recovery in this case against the appellant, who was a connecting carrier and guilty of no wrong; that if there

was any liability for damages for the delay in the transportation of the stock the delay was due to the negligence of the Yazoo & Mississippi Valley Railroad Company, the inital carrier, which the proof in the case conclusively shows; that the plaintiff below failed to prove the allegation in his declaration that the appellant, the Illinois Central Railroad Company, owned the Yazoo & Mississippi Valley Railroad Company, and contracted with the appellee by and through the Yazoo & Mississippi Valley Railroad Company by reason of such ownership, and having failed to prove the alleged connection between the two railroads, which was necessary in order to make the connecting carrier, the appellant, liable for the negligent delay in the transportation of the stock caused by the Yazoo & Mississippi Valley Railroad Company, the recovery is error. The appellee answers this contention by claiming that under section 1974, Code 1906, it was unnecessary for him to prove the alleged relation of ownership or identity of the two apparently distinct railroad corporations because the appellant failed to specially deny by plea verified by oath the said allegation in the declaration. We here quote the language in the brief of appellee on this point:

"The appellant, defendant below, pleaded the general issue, thus acknowledging the contract as its own, by denying their guilt of the wrong and injury alleged. The appellant did not deny the allegation under plea verified, or otherwise. It was therefore unnecessary that the plaintiff in the court below should trifle with time and vex itself with proof in the face of this statute (section 1974, Code 1906) and the attitude deliberately taken by the appellant as defendant there. Hence there can be no virtue in the contention of counsel for appellant that no proof was offered of the fact charged, and that, therefore, the court erred in admitting the tes-

Oct., 1917] Illinois Cent. R. Co. v. Walker.        437

116 Miss.]                Opinion of the court.

timony relative to the delay at Wilson, La., plainly chargeable to the initial carrier. We therefore dismiss this phase of the controversy."

It will be observed that the appellant, Illinois Central Railroad, pleaded the general issue and *non assumpsit*. When the issues were thus joined in the lower court it became necessary for the appellee, Walker, to prove the material allegation of his declaration that the appellee contracted with appellant through the Yazoo & Mississippi Valley Railroad for the shipment of the stock. As we understand the law, no recovery can be had in a case of this kind against the connecting carrier where the proof in the case conclusively shows that the delay and damage was caused wholly by the initial carrier. *Mobile & Ohio R. Co.* v. *Tupelo Furniture Co.*, 67 Miss. 35, 7 So. 279, 19 Am. St. Rep. 262. The undisputed testimony in the case here shows that the appellant, Illinois Central Railroad Company, was the connecting terminal carrier, and was guilty of no negligence in handling the cars of stock; and that the delay and resulting injury was due entirely to the negligence of the initial carrier, the Yazoo & Mississippi Valley Railroad Company. There being no proof in the record connecting the two railroads in such relation as to impose liability upon the appellant connecting carrier for the negligence of the initial carrier, we are bound to hold that the lower court erred in permitting a recovery in this case.

It is suggested by the appellee that, in view of the fact that the proof in other cases decided by this court shows that the Illinois Central Railroad Company was the owner or lessor of the Yazoo & Mississippi Valley Railroad Company, we should, in some way, take judicial notice of that proof for the purposes of this case; but we know of no rule that would justify us in so doing.

The contention of appellee that section 1974 of the Code of 1906 made it unnecessary that he prove the

material allegation of the identity of the two carriers in his declaration, because the appellant failed to specially deny under oath the allegation that appellant owned the Yazoo & Mississippi Valley Railroad Company, is without merit, for the obvious reason that the statute invoked is inapplicable.   Here is the statute:

"When Proof of Signature, etc., Unnecessary.—In suits founded on any written instrument set forth in the pleading, it shall not be necessary to prove the signature or execution thereof, unless the same be specially denied by a plea, verified by the oath of the party pleading the same; and it shall not be necessary in any case to prove any written signature, the execution of any instrument, or the identity or names of persons, or description of character, or the persons composing any firm or partnership which may be set forth in the pleadings, unless the same be specially denied by plea, verified by oath.   And the like rule shall prevail, as far as may be applicable, in all cases where any writing is pleaded or set up by the defendant, or any signature, identity, or names of persons, description of character, or partnership set forth in his pleading."

We must annul the judgment of the lower court in this case on the ground mentioned.   The error is more than technical; it is substantial.   The two railroads here in question may be one and the same railroad company, but there is no proof of such fact in this record, and we cannot depart from the long-established rules of practice and procedure requiring that proof be made of such a material allegation.   Therefore we reverse the judgment of the lower court and remand the case.

*Reversed and remanded.*