BANK OF INDIANOLA LIQUIDATING CORPORATION *v.* MOORE.

(Division A. Jan. 11, 1937.)

[171 So. 693. No. 32466.]

**Moody & Johnson** and **Jefferson Davis**, all of Indianola, for appellant.

574

**Neill & Townsend,** of Indianola, for appellee.

576

**McGowen, J.,** delivered the opinion of the court.

On December 15, 1931, the Bank of Indianola closed its doors for liquidation. Its affairs were taken over regularly by C. C. Moore, liquidating agent, who served in such capacity until June 30, 1934, when the Bank of Indianola Liquidating Corporation, appellant here, was created by a decree of the chancery court under the authority of chapter 146, Laws 1934, sections 97 to 106, inclusive, and in such decree it was ordered that appellant take over and receive the assets of the Bank of Indianola.

Subsequent to the failure of the Indianola Bank, C. C. Moore became the duly qualified liquidator of the

Merchants Bank & Trust Company of Indianola, Miss. After the organization of the Bank of Indianola Liquidating Corporation, a petition was filed by it against Moore as liquidating agent of the Bank of Indianola, in which it was prayed that he be required to file his final account and turn over, in pursuance of former decrees, all the assets of his predecessor bank.

Moore answered the petition and filed his account, in which it was charged that the Indianola Bank owed two items amounting to one thousand five hundred dollars, which he paid out of the funds of the Indianola Bank into the funds of the Merchants Bank & Trust Company while he was liquidator of both banks. These amounts he alleged were preference claims, and were paid as such on the authority of J. S. Love, superintendent of banks, in order to clear the real estate of the Merchants Bank & Trust Company of the taxes due thereon.

The appellant excepted to the final account, and especially as to the items amounting to one thousand five hundred dollars, averring that this money still belonged to the Bank of Indianola, and, therefore, to it as the successor thereof.

The court heard the evidence and rendered a decree in which the exceptions were disallowed, the final account approved, and Moore, liquidator of the Bank of Indianola, was finally discharged. The parties to this cause filed, instead of the stenographer's notes, an agreed statement of facts in which there is no evidence tending, in the slightest degree, to establish the items amounting to one thousand five hundred dollars as a preferred claim or as a trust fund in the hands of the Bank of Indianola. The agreed statement of facts simply shows that the status of debtor and creditor was created by the transaction through and by which the items amounting to one thousand five hundred dollars were paid out by the liquidator. So far as the agreed statement of facts is concerned, there is nothing upon which

to base the decree of the court below—indeed, counsel for the appellee does not urge upon us anything therein contained. Appellee relies on the following statement found in the final decree of the court: "and the court having and taking judicial knowledge of all things that have transpired in this cause since the appointment of C. C. Moore and subsequent to the qualification of his successor," etc.

The agreed statement of facts contains this statement with reference to the items amounting to one thousand five hundred dollars: "This said claim was carried on the books of the Bank of Indianola under 'Drafts Outstanding' along with other drafts outstanding amounting to $30,320.00 *and no petition was ever filed in the Chancery Court of Sunflower County, Mississippi, or anywhere else asking that this claim be declared a preferred claim against the Bank of Indianola.*" (Italics ours.)

In the agreed statement of facts, there is nothing indicating anything by which the court here could understand the nature of the records of which judicial knowledge was taken in order to overturn the case made out by the appellant. The only thing that is relied on here for the affirmance of this cause is the recital in the decree, quoted supra. Therefore, we do not know to what the court referred in said quotation, or what record was examined, or how the question arose.

Conceding, for the sake of the argument, that it be unnecessary here to decide that the burden of proof was upon the exceptor to the final account, the appellant here, it fully met that burden according to the agreed statement of facts. Further, in said statement it is distinctly agreed that no sort of court proceedings had ever been had to test the question of whether the claim involved here was a preferred claim or not. In so far as this case is concerned, the appellee is bound by his agreement to that effect, and the court could not look to other

litigation as to other preferred claims to determine this issue here presented. We presume that the statement "all things that have transpired in this cause," refers to the entire liquidation proceedings.

Insofar as the claim of the appellant here against Moore, the liquidator, is concerned, we are, by the agreement, convinced that there had been no previous litigation by which the court could have determined that the claim here involved was a preferred claim. The exception to the final account, so far as this claim is concerned, is the beginning of this litigation between these parties, and the court could not have looked, in order to take judicial knowledge thereof, to some other case in which the same or kindred question might have been involved. In the case of Illinois Central R. Co. v. Walker, 116 Miss. 431, 77 So. 191, this court has held that although it had been shown in other cases before this court that the Yazoo & Mississippi Valley Railroad Company was owned and operated by the Illinois Central Railroad Company, in the pending case the court could not take judicial knowledge of those prior records to ascertain that alleged fact. We are, therefore, of the opinion that there was nothing to which the court could properly look in order to take judicial knowledge of facts applicable to the case at bar. The court could not interweave this litigation with some other in which the party had no interest, so McCandless v. Clark, 172 Miss. 315, 159 So. 542, cannot be applied or invoked here. Such claims for preference are independent of each other, and the claim stands or falls on the evidence relevant to it.

The decree of the court below will be reversed, and the judgment here will be that the exceptions should have been sustained as to the one thousand dollars and five hundred dollars, totaling one thousand five hundred dollars, and that the liquidating agent, the appellee, should have been charged with these amounts; and it is

so ordered here. And until these amounts are paid to the appellant, the decree, of course, is erroneous in that it discharged Moore, the liquidating agent.

Reversed and remanded.