MOORE *et al. v.* BANK OF INDIANOLA LIQUIDATING CORPORATION.

(Division B. Nov. 7, 1938. Suggestion of Error Overruled Nov. 21, 1938.)

[184 So. 305. No. 33378.]

Osborn & Lott, of Greenwood, for appellants.

628

**Moody & Johnson,** of Indianola, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellee filed its bill in the Chancery Court of Sunflower County against appellants to recover the sum of $1,500 with interest alleged to have been misappropriated by appellant Moore, while in charge of the affairs of the insolvent Bank of Indianola as its liquidating agent. Moore had given bond for the faithful performance of his duties as such liquidating agent with appellant Maryland Casualty Company, as surety thereon. The case was heard on bill, answer, and proofs resulting in a decree in appellee's favor for the amount sued for. From that decree, appellants prosecute this appeal.

Early in the year 1932 when the banks all over the country were closing, among which were the Bank of Indianola and the Merchants Bank & Trust Company of Indianola, Moore was, by J. S. Love, State Superintendent of Banks under the authority of Chapter 85 on Banks and Banking, of the Code of 1930, appointed liquidating agent of both of those banks. The affairs of those banks were being liquidated through proceedings in the Chancery Court of Sunflower County, and under supervision of that Court as provided in that chapter. Moore's appointment as liquidating agent of the Bank of Indianola was in writing under the hand and seal of the State Superintendent of Banks, and provided that before entering upon his duties he "shall make a bond in some surety company authorized to do business in the State of Mississippi in the penal sum of $7500.00." The appointment was approved by the Chancery Court in the liquidation proceedings. He thereupon gave the bond required with the Maryland Casualty Company as surety, payable to the State Banking De-

partment conditioned that he "shall fairly and honestly account for all money, notes, and other property now in his hands or that may hereafter come into his possession as such agent in liquidation."

During the progress of his administration of the affairs of the two banks, Moore misappropriated the sum of $1,500 belonging to the Bank of Indianola in that he took that amount of its funds, and, without authority of law, appropriated it to the payment of obligations of the Merchants Bank & Trust Company. That was done shortly before Chapter 146 of the Laws of 1934 went into effect. The Court held that it was done without authority of law in Bank of Indianola Liquidating Corporation v. Moore, 177 Miss. 572, 171 So. 693 (another branch of this same liquidation).

In June, 1934, the appellee, Bank of Indianola Liquidating Corporation, was created under the authority of Chapter 146 of the Laws of 1934, Secs. 97 to 106, inclusive, and soon thereafter filed the bill in this case. The banking laws require the State Superintendent of Banks to give a bond in the sum of $50,000, conditioned for the faithful performance of the duties of his office. That requirement was complied with.

Appellants' main contention appears to be that the stockholders and creditors of the Bank of Indianola have no rights protected by the bond of the liquidating agent —that the law did not provide for it for their benefit, but alone for the benefit of the banking department and the superintendent of banks. The liquidating agent was appointed under the authority of the banking laws, Section 3816, Code of 1930, which provides, among other things, that the superintendent of banks may, under his hand and official seal of the banking department, appoint an agent either to assist him in the liquidation of any bank or "perform such other duties connected with such liquidation and distribution as the superintendent himself could in person do and perform."

Viewing Moore's authority from the record of the proceedings, the only reasonable conclusion is that he was not a mere assistant to the superintendent of banks, but in full charge of the liquidation of the affairs of the bank of Indianola.

The banking business is largely affected with a public interest; it is not exclusively a private business. Upon that ground, state supervision and control were justified under the constitution. Our banking laws created the banking department as a branch of the state government to carry out those purposes. The superintendent of banks, under Chapter 85, of the Code of 1930, was a state officer. That is true as to his successor, the state comptroller of banks, as provided by Chapter 146 of the Laws of 1934.

Section 758 of the Code of 1930 provides, among other things, that when a bond or obligation of any kind shall be executed in any legal proceeding, or for the faithful performance of any duty, it shall inure to those to whom it is intended as a security, and be subject to judgment in their favor no matter to whom made payable. The fact that Moore's bond was made payable to the State Banking Department, and does not expressly provide for the security of the stockholders and creditors of the Bank of Indianola, is not controlling as to its obligation. The only interest the State Banking Department had in the affairs of the bank was the faithful and correct administration of its affairs under the law. Although the banking laws did not expressly provide for the giving of such a bond, nevertheless it was given in the progress of a legal proceeding—the administration of the affairs of the bank by the Chancery Court. The superintendent of banks, in the performance of his official duties, had the right to demand it and the Chancery Court the right to approve it when executed. The superintendent had such incidental powers, although not expressly granted, as were necessary to properly and efficiently carry out powers expressly granted. Moore

was acting in the place and stead of a public officer, the superintendent of banks. The bank supervision and control laws were enacted for the benefit of the depositors, creditors, and stockholders of the banks. It follows from those considerations the obligation of Moore's bond covered the misappropriation of the funds of the bank of which he was the liquidating agent. They belonged to the depositors, creditors, and stockholders. The suit in this case is in their behalf.

The appellants offered to prove that the misappropriation was made by direction of the superintendent of banks, and, for that reason, if there was any liability it was on his bond and not on Moore's. Such testimony was ruled out. Appellants argue that this action of the Court was error. We do not think so. It may be under the law that both the superintendent and Moore are jointly and severally liable for the misappropriation on their respective bonds. We cannot decide that question —the superintendent is not sued. The case of McNutt, for use, etc., v. Livingston, 7 Smedes & M. 641, is not controlling here. What was said by the Court in that case with reference to the liability of Deputy Circuit Clerks was outside the case. The deputy was not sued in that case. We do not think there is sufficient merit in appellants' other contention to call for further discussion.

Affirmed.