MALOUF *et al. v.* GULLY, STATE TAX COLLECTOR.

(Division A. Nov. 20, 1939. Suggestion of Error Overruled Jan. 29, 1940.)

[192 So. 2. No. 33855.]

**O. L. Kimbrough** and **Bradford & Lamb,** all of Green-wood, for appellant.

Gardner, Denman & Everett, of Greenwood, for appellee.

**Anderson, J.,** delivered the opinion of the court.

The appellee filed the bill in this case against appellant, Foaad Malouf, basing his authority so to do on Sections 2000, 2001 of the Code of 1930, and Section 2007, as amended by Chapter 349 of the Laws of 1938, to enjoin him from further carrying on the sale of intoxicating liquors at his place of business on Highway No. 49 in Leflore County; to abate the business as a nuisance; to recover the penalties provided by the statute; and to require appellant to execute a bond in the sum of $2,000 conditioned that he would not violate the prohibition laws for a period of two years. Malouf denied the allegations of the bill. The State Tax Collector made a motion for a temporary injunction, which was heard on evidence. On the hearing, he put on the witness stand appellant, Malouf, and other witnesses, and proved the allegations of the bill. By Malouf he proved that he was engaged in the dry goods and grocery business on Highway No. 49 in Leflore County, and in connection therewith sold intoxicating liquors. A temporary injunction was awarded, the restraining feature of which is in this language: ''That the Defendant Foaad Malouf and any and all persons acting for and on his behalf are hereby and herewith enjoined and restrained from unlawfully selling or permitting to be sold spirituous liquor at said place of business and from further

violation of the prohibition laws of the State of Mississippi until a final hearing shall have been had in this cause.'' A motion was made to dissolve the temporary injunction and dismiss the bill, which motion was overruled. From that decree, an appeal was granted to settle the principles of the cause.

The question in the case is whether appellant, Malouf, under the provisions of Section 1991 of the Code of 1930, was entitled to have the cause dismissed upon the ground that on the hearing of the motion for a temporary injunction, he was put on the witness stand by the State Tax Collector and in his testimony admitted his guilt. The statutes involved in the order stated above follow:

''2000. Any person who may sell or give away malt, vinous or spirituous liquors unlawfully, or who shall allow the same to be sold or given away at his place of business, for any purpose whatever, or shall knowingly permit any person not interested in or connected with such business to keep and drink or give away at such place of business any vinous, malt or spirituous liquors, shall be subject to pay to the state, county, city, town or village, where the offense is committed, each, the sum of five hundred dollars; and the state, county, city, town or village or any taxpayer of the state, county, city, town or village in the name thereof, or the state tax collector, or any sheriff within the county acting for them, may sue for and recover civilly, either jointly or separately, each said sum of five hundred dollars; and such civil suit may be commenced by attachment without bond.''

''2001. The chancery court shall have concurrent jurisdiction with courts of law to entertain suits under the preceding section for the enforcement thereof instituted by the state, county, or any city, town, or village, or by any taxpayer thereof, in the name of the state, county, city, town or village, or by the state tax collector, or by any sheriff within his county acting for them, and the chancery court shall have authority to suppress as a nuisance any place of business where the

preceding section is violated, and by proper judgments and orders, punish and restrain the violators thereof.''

''2007.   [As amended by Chapter 349, Laws of 1938] Any club, vessel or boat, place or room where liquors are found, kept or possessed or any boat or vessel used in any of the waters of this state in conveying any intoxicating liquors or any person with intoxicating liquor in their possession or under their control into or in this state shall be deemed to be a common nuisance and may be abated by writ or injunction issued out of a court of equity upon a bill filed in the name of the state by the attorney general or any district or county attorney whose duty requires him to prosecute criminal cases on behalf of the state, in the county where the nuisance is maintained, or by any citizen or citizens of such county, such bill to be filed in the county in which the nuisance exists.   And all rules of evidence and the practice and procedure that pertain to courts of equity generally in this state may be invoked and applied in any injunction procedure hereunder.   Upon the abatement of any such place as a nuisance the person found to be the possessor or owner of such liquor may be required by the court to enter into a good and sufficient bond in such amount as may be deemed proper by the court, to be conditioned that the obligor therein will not violate any of the prohibition laws of the state of Mississippi for a period not to exceed two years from the date thereof.   The failure to make such bond shall be a contempt of court and for such contempt the person or party shall be confined in the county jail until such bond is made, but not longer than two years.   Said bond shall be approved by the clerk of the court where the proceedings were had and shall be filed as a part of the record of such case.''

''1991.   No person shall be excused from attending and testifying before a grand jury, or before any court, or in any cause or proceeding, criminal or otherwise, based upon or growing out of any alleged violation of this chapter, or any amendment thereof, on the ground and

for the reason that the testimony or evidence, documentary or otherwise, required of him, may tend to criminate him or subject him to a penalty or forfeiture. But no person shall be prosecuted or subject to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise, before the grand jury, or any court; Provided, that no person so testifying shall be exempt from prosecution or punishment for perjury in so testifying. Any person who shall neglect or refuse to so attend or testify, or to answer any lawful inquiry, or to produce books or other documentary evidence, if in his power to do so, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than one hundred dollars or more than five hundred dollars, or by imprisonment for not more than ninety days, or by both such fines and imprisonment.''

We are of opinion that under the provision of Section 1991, Malouf, by his testimony, was rendered immune to the further prosecution of this cause, and we reach that conclusion upon the following considerations: Manifestly, under the allegations and prayer of the bill, it was sought to subject Malouf to penalties and forfeitures. They are expressly provided for by the statutes. It is argued, however, that, by the temporary injunction, the court only enjoined the further prosecution of the business and imposed no penalty or forfeiture. The term ''forfeiture'' has a very comprehensive meaning, and expresses the result which flows from a failure to comply with the law. 25 C. J., Section 43, p. 1169. Malouf's admission of guilt subjected him to the forfeiture of both his liquor business and his dry goods and grocery business.

Section 2001 expressly provides that in such a case the chancery court has authority to supress as a nuisance the place of business where the liquor is sold, and, in addition, it is given concurrent jurisdiction with the

courts of law for the recovery of the penalties provided by Section 2000. The suppression of the place of business means not only the liquor business, but the mercantile business. The right to carry on both is forfeited. Whether the chancellor has the authority, in his discretion, to decree a forfeiture of the business and decline to award the penalties, or vice versa, we are not called on to decide. Certainly when a case is made he is required to do one or the other, if not both. He was without authority to confine the relief to enjoining the sale of liquor alone—the commission of a criminal offense.

Section 2007, as amended by Chapter 349 of the Laws of 1938, providing that when the place where intoxicating liquors are kept or possessed has been abated as a common nuisance, the Court may require the person keeping or possessing such liquor to enter into a good and sufficient bond, conditioned that the obligor will not violate the prohibition laws of the state for a period of as long as two years, has no application to an action brought by the State Tax Collector. The authority to sue under that statute is expressly conferred on others than the State Tax Collector. He is excluded by necessary inference.

Reversed and judgment here for the appellant.