SULLIVAN *v.* GULLY, STATE TAX COLLECTOR, *et al.*

(Division A. Jan. 2, 1940.)

[192 So. 568. No. 33884.]

J. S. Savage, of Leland, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Under Secs. 2000 and 2001, Code 1930, the state tax collector is authorized to bring suit in the chancery court to enforce the collection of the menetary penalties therein mentioned in cases where intoxicating liquors are sold or given away at the defendant's place of business. Under Sec. 2007, the district attorney is empowered to sue in the chancery court to abate as a nuisance any place or room where intoxicating liquors are found, kept, or possessed. The state tax collector is not authorized to bring suit under the section last cited; the district attorney is not empowered under the sections first mentioned.

In the case here before us, the state tax collector and the district attorney joined in the same bill, alleging that the defendant was keeping and selling intoxicating liquors at a place of business controlled and operated by him. The defendant, by special demurrer, raised the point in limine that the bill should be dismissed because of a misjoinder of parties and of causes of action. The court overruled the demurrer but proceeded to the hearing and decree only as to the nuisance feature, leaving

to one side for the time the feature dealing with the monetary penalties.

We might with reason say that the State is the real party in interest as complainant in respect to both features presented by the bill, and that the state tax collector and the district attorney were merely the nominal agents of the one complainant, the State. But we must assume that the legislature had some real and substantial reason or purpose in not including the district attorney as an agent to bring the suit in a case of the class first mentioned, and in not including the tax collector in the other; and to preserve this reason or purpose we must treat these officers in regard to the separate objects to be accomplished in their respective capacities as if under the same rules which would apply to separate complainants acting as individuals and in their separate, individual interests.

Under the ancient equity practice it was the rule in some, if not most, jurisdictions that where there has been a misjoinder of parties complainant the bill would be dismissed without prejudice. But if this rule ever had any practical operation in this State, it has been displaced by Section 396, Code 1930, which has been among our general statutes for nearly seventy years; so that now, when two complainants, separate in interest, each with a separate cause of action, although growing out of the same, or nearly the same particular state of facts, join as complainants, the requirement is, not that the bill be dismissed, but instead, that it be recast into separate bills, without new process. And that is what the court should have ordered in the present case. See the discussion of this subject, Griffith's Miss. Chan. Pr., Secs. 197 et seq.

The court proceeded, however, as we have already said, as if the bill had been recast, and adjudged the issues presented by the district attorney in favor of the complainant, and in so doing was supported, as we think, by ample evidence. The court laid aside the complaint as regards the state tax collector, and the only error made by the

court was in not entering an order in response to the special demurrer that a separate bill, but without any new process, shall be filed by the state tax collector. The decree will be affirmed as regards the relief prayed by the district attorney, but will be reversed and the case remanded so that an order may be made as above indicated as regards the complaint of the state tax collector.

Affirmed in part, and in part reversed and remanded.