## Noe *et al. v.* Gully, Tax Collector.

(Division B.  Jan. 22, 1940.  Suggestion of Error Overruled Feb. 19, 1940.)

[193 So. 36.  No. 33958.]

(1)

Brewer & Sisson and **F. H. Montgomery**, for appellants.

**W. W. Venable**, of Clarksdale, and **Denman & Everett**, of Greenwood, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

J. B. Gully, State Tax Collector, filed this bill against Joe Noe, a resident of Coahoma county, in the state of Mississippi, for $1000, $500 thereof being for the benefit of the state, and $500 for the use of Coahoma county; the action being brought under sections 2000 and 2001, Code of 1930. The bill alleged that on the 10th of January, 1939, the defendant owned and operated a business in Coahoma county, situated on Highway No. 61, near the city limits of Clarksdale; and that prior to, and on, January 10, 1939, he did unlawfully have in his possession, at said place of business, vinous and spirituous liquors, to-wit whiskey, which he sold and permitted to be sold in connection therewith; that he had in his possession federal license or permit No. 31,214; the whiskey being sold to Deputy State Tax Collector Sam B. Ross. It was further alleged that said whiskey was sold and permitted to be sold at his place of business, contrary to the statutes of the state of Mississippi, in connection with the business he was there conducting; and that certain persons, firms and corporations are indebted to the defendant, and have in their possession and under their control goods, property and effects of the defendant; and complainant prayed for an attachment as authorized by sections 2000 and 2001, Code of 1930.

The defendant, Noe, answered the bill, admitting his residence in Coahoma county, etc., but denied liability for the sum sued for. The answer proceeds as follows: "This defendant denies that on and prior to the 10th day of January, 1939, he owned and operated a business on Highway 61, near the city limits of Clarksdale, Mississippi, and that therein and prior thereto, and on or about the 10th day of January, 1939, he did unlawfully have in

his possession at said place of business vinous and spirit-ous liquor, to-wit, whiskey; and denies that he did then and there sell and permit the same to be sold at said place of business and in connection therewith; and denies that he, having at the time in his possession a federal license or permit for the sale of intoxicating liquors to-wit, federal permit # 31,314, sold and delivered any whiskey to Deputy Tax Collector Sam B. Ross. This de-fendant denies that he possessed, held for sale, offered for sale, sold and permitted to be sold, contrary to the stat-utes and laws of the state of Mississippi, any whiskey as alleged and referred to in the bill of complaint.''

The defendant denied that he conducted an unlawful business, or that his business constituted a nuisance, sub-ject to abatement by the Chancery Court; and denied that the Tax Collector of the state of Mississippi has any authority, under the statute, to file a petition asking for an injunction or other process of the court, restraining him from carrying on any business in which he may now be engaged.

It will be seen from the above that the denial of the bill is by general traverse, and is insufficient, under sec-tion 380, Code 1930. Its effect is to admit, at least the fact that the defendant owned the business alleged to have been carried on in violation of law.

After the filing of the answer, the State Tax Collector amended his bill as follows: ''Complainant further prays (1) that this court will suppress as a nuisance the afore-said place of business where said section 2000 of the Mississippi Code of 1930 has been openly and wilfully violated; (2) that an order be issued by this court restraining and enjoining the operation of said place of business and authorizing the sheriff to seize and hold all vinous and spirituous liquor found at said place of business; (3) that an injunction be issued abating said place of buisiness as a nuisance and closing said place of business and enjoining and restraining defend-ant from violating said section 2000 of the Mississippi

Code of 1930 and other prohibition laws of the State of Mississippi; (4) that on the hearing of this cause the court require the defendant to make a good and sufficient bond in the sum of $2,000 for the observance of the laws of the state of Mississippi pertaining to prohibition for a term of two years, said bond conditioned for the observance of the laws of the state of Mississippi pertaining to prohibition and for the good behavior of the defendant during said time."

The defendant answered this amendment as follows: "Defendant denies that this court should suppress as a nuisance the place of business referred to in the original bill of complaint, and denies that section 2000 of the Mississippi Code of 1930 has been openly and wilfully violated. Defendant denies that an order should be issued by this court restraining and enjoining the operation of said place of business referred to in the original bill of complaint, *or any other place of business of this defendant;* and denies that the sheriff should be authorized to seize and hold all vinous and spirituous liquor at said place of business referred to *in the original bill of complaint, or any other place of business owned, operated or controlled by this defendant."* The effect of this answer is to admit the ownership of the place where the liquor was sold.

The answer further denied that the injunction should be issued, abating the place of business as a nuisance, and closing it, and enjoining and restraining defendant from violating section 2000, Code of 1930, or any other prohibition laws; and denied that the court should require the defendant to make bond in the sum of $2,000 for the observance of the state prohibition laws for a period of two years; and denied the authority of the State Tax Collector to file proceedings for such bond for good behavior in the state of Mississippi.

The defendant, Noe, filed a bond in the sum of $2,000 to satisfy any judgment which might be recovered against

him by the State Tax Collector, which bond was accepted by the sheriff.

The Deputy State Tax Collector, Sam B. Ross, testified that he drove up in front of the filling station on Highway No. 61, south of Clarksdale, went inside and purchased half a pint of Paul Jones whiskey from the man in the station: "It was not Mr. Noe but it was in his place of business, and the money change was made at the cash register." He did not know whether the money went into the cash register—he did not know whether or not Mr. Noe was present; he testified that the whiskey was evidently obtained from the back room—the man who sold it went through that door, and could not have gone outside, because he did not have time, since he came back immediately; and he paid this man the money. He testified that the filling station was on the left side of Highway 61, south of town just outside of the city limits. He did not recall the name, but it was a filling station. He bought the liquor on the 10th of January, at about ten o'clock at night. He testified that there were two or three slot machines in the filling station, and there seems also to have been a little grocery store.

On cross-examination he was asked if he had ever bought whiskey form Mr. Noe, to which he replied, "No, sir; he was in the place of business that night." "Mr. Noe was?" "Yes, sir, he was in the place of business but I did not buy it from him." "You mean to say he was over there?" "Yes, sir."

Another witness, the chief of police of Clarksdale, knew Joe Noe, and that he had a place of business on Highway No. 61, west of the underpass—or was purported to have—a filling station, which had a general reputation in the community as a place where whiskey could be bought. In answer to the question, "What is that reputation, that it can or cannot be bought?" he replied, "That it can be bought there, and is bought there," that he himself had never bought any.

The Chancellor found for the state Tax Collector, and rendered judgment for $1,000, $500 being payable to the state of Mississippi, and $500 to the county; and enjoined the defendant, Noe, "from selling or giving away, or from allowing to be sold, or giving away at the said place of business for any purpose whatever," of any intoxicating liquor. He did not require the defendant to execute bond for good behavior, Noe having already given bond in the sum of $2,000, as heretofore stated; and the court rendered judgment upon the bond so given for the said sum; from which judgment this appeal is prosecuted.

Section 2000, Code of 1930, expressly authorizes the State Tax Collector to bring suit for the penalties therein imposed, for and on behalf of the county, town or village, and section 2001 of the Code expressly gives the Chancery Court jurisdiction concurrent with the courts of law to entertain suits under section 2000, in the name of any state, county, village or town, or any taxpayer of the state, county, city, town or village, or the State Tax Collector, or any sheriff within the county acting for them; and also gives the Chancery Court express authority to suppress as a nuisance any place of business where the Code section is violated, by proper court orders.

This section was enacted by the legislature of 1910 by chapter 134, Laws of 1910, and the constitutionality of the act and the power of the Chancery Court to exercise jurisdiction in such matters was challenged and vigorously contested in the case of State v. Marshall, 100 Miss. 626, 56 So. 792, Ann. Cas. 1914A, 434, the power of the Chancery Court to entertain the jurisdiction was upheld and has since been uniformly recognized. See, also, Miller v. State, 114 Miss. 713, 75 So. 549.

The admissibility of evidence as to the reputation of a place of this character in the proceedings, where there is evidence of a sale, and, in connection therewith, is settled in this state in State ex rel. District Attorney v.

White et al., 178 Miss. 542, 173 So. 456; and in State ex rel. District Attorney v. Ingram, 179 Miss. 485, 176 So. 392. In the case of City of Jackson v. Gordon, 119 Miss. 325, 80 So. 785, it was held that where intoxicating liquors were found in the place of business of a person, he is presumed to know of its presence, but that this knowledge is presumptive; and where proof shows that the owner did not have actual knowledge thereof, the presumption would give place to the truth. The defendant in this case did not testify, and consequently the presumption flowing from the sale of liquor in his place of business, and its reputation as a place where liquor could be, and was, bought, was sufficient to sustain the judgment of the Chancery Court. Therefore, the judgment of the court below will be affirmed.

Affirmed.

### ON SUGGESTION OF ERROR.

**Ethridge, P. J.**, delivered the opinion of the court on Suggestion of Error.

This cause was affirmed and an opinion written on January 22, 1940, 193 So. 36, and on the 3rd day of February one of the judges of Division A certified that in his opinion the decision in this case was in conflict with the decision of Malouf et al. v. Gully, State Tax Collector, 187 Miss. 331, 192 So. 2, and Sullivan v. Gully, State Tax Collector, 187 Miss. 134, 192 So. 568. The decision and judgment heretofore rendered was accordingly set aside under the rules of the Court, and the case has been considered by the full Court in banc, and it was decided that there was no conflict and that the decision heretofore rendered was correct, and it is hereby adopted as the decision of the Court in banc.

It follows from this that the suggestion of error filed herein by the appellants is overruled.