## MALVEZZI *v.* GULLY, TAX COLLECTOR.

(Division B.   Jan. 22, 1940.   Suggestion of Error Overruled Feb. 19, 1940.)

[193 So. 42.   No. 33961.]

F. H. Montgomery and Brewer & Sisson, all of Clarks-
dale, for appellant.

**W. W. Venable**, of Clarksdale, and **Denman & Everett**, of Greenwood, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

· The pleadings in this case are almost precisely the same as in the case of Noe et al. v. J. B. Gully, 189 Miss. 1, 193 So. 36, this day decided. Consequently the attempted denials as to the place described in the bill, where the intoxicating liquors were possessed and sold, and other allegations, are insufficient, and do not put the plaintiff to the proof as to those particulars; and they stand as though confessed under section 380 of the Code of 1930, which provides that, ''The defendant shall answer fully all the allegations of the bill without being specially interrogated. All matters of fact averred in the bill and not denied by the answer otherwise than by the general traverse, may be taken at the hearing as admitted.''

This section requires specific denials of each allegation, and the denials must be positive—not merely start out with the word ''deny'' and then recite the allegations of the bill. See Mead v. Day, 54 Miss. 58; McAllister v. Clopton, 51 Miss. 257; and Colbert v. Henley, 64 Miss. 374, 1 So. 631.

There is no merit in the claim that there is a variation in the name of the place in the proof and in the bill. In addition to the statement based on section 380, the doctrine of idem sonans would apply.

We are cited to opinions of this Court in other cases where the facts are not recited in the opinions, with the statement that those cases held the proof insufficient to

sustain the judgment, and that the plaintiff's case is no stronger on its facts than the cases cited. We cannot look to the facts in any former opinion or decision in this Court in a different proceeding on a different record. Illinois Cent. R. Co. v. Walker, 116 Miss. 431, 77 So. 191; Interstate Co. v. Jolly, 156 Miss. 199, 125 So. 406, 838, in which cases the principle is discussed and decided. The old adage, "Every tub must stand on its own bottom," is peculiarly applicable to the facts in a lawsuit. Each case must be determined on its own facts; and we cannot supplement the facts in a particular case by looking to the facts in another case. So far as any such evidence is concerned, the facts in other cases are only examined in order to determine the conditions under which principles of law are announced and applied. It is said that there are more than three thousand maxims of law which are general principles, well recognized as law, and even apparently small differences in the facts of a case require the application of different rules of law. Furthermore, in many cases two or more reasonable conclusions may be drawn from undisputed facts, and in such cases the trier of facts in courts of original jurisdiction may draw the conclusion, and we are bound by it.

We therefore cannot go to former records, find facts therein, and undertake to compare those facts with the facts of the case before us, for the purpose of aiding the facts in the case before us, or for the purpose of deciding whether or not the other case was correctly decided. Cases must be assumed to have been decided correctly—and this is especially true where the facts are not stated.

The evidence in this case is sufficient to support the judgment of the Chancellor, this case being governed by the decision in Noe v. Gully, State Tax Collector, 189 Miss. 1, 193 So. 36, this day decided, as to reputation being admissible evidence upon the issues made.

The judgment of the court below will be affirmed.

Affirmed.

### On Suggestion of Error.

**Ethridge, P. J.,** delivered the opinion of the court on Suggestion of Error.

This cause was affirmed and an opinion written on January 22, 1940, 193 So. 42, and on the 3rd day of February one of the judges of Division A certified that in his opinion the decision in this case was in conflict with the decision of Malouf et al. v. Gully, State Tax Collector, 187 Miss. 331, 192 So. 2, and Sullivan v. Gully, State Tax Collector, 187 Miss. 134, 192 So. 568. The decision and judgment heretofore rendered was accordingly set aside under the rules of the court, and the case has been considered by the full court in banc, and it was decided that there was no conflict and that the decision heretofore rendered was correct, and it is hereby adopted as the decision of the court in banc.

It follows from this that the suggestion of error filed herein by the appellants is overruled.