TUMINELLO *v.* GULLY, TAX COLLECTOR.

(Division B.   Jan. 22, 1940.   Suggestion of Error Overruled Feb. 19, 1940.)

[193 So. 39.   No. 33962.]

Roberson & Luckett, of Clarksdale, for appellant.

W. W. Venable, of Clarksdale, and Denman & Everett, of Greenwood, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This is a proceeding by the State Tax Collector under the authority of Sections 2000 and 2001, of the Code of 1930, to collect by attachment the tax imposed on behalf of the State and Coahoma County against the appellant for selling intoxicating liquors unlawfully, or allowing the same to be sold, at his place of business in said county, and for the suppression thereof, as a nuisance, by means of an injunction. There was a decree for the tax sued for, and which decree also enjoined the further sale of such liquors at the place of business in question.

It is urged by the appellant that the proof failed to show (1) that he owned and operated the place of business at which the intoxicated liquor is claimed to have

been sold, and (2) that he sold such liquor, or allowed the same to be sold, at any place of business owned or operated by him.

In answer to the first contention, the record discloses that appellant filed a claim of exemption, under oath, as a resident citizen and householder, under Section 1766 of the Code of 1930, claiming as exempt from levy under attachment a large portion of the personal property which, according to the officer's return on the writ, was located in the place of business in question; and also acknowledged in said claim of exemption that the remainder thereof had been sold to him under retain title contracts made exhibits to the pleas of the respective claimants thereto. Moreover, he appeals here with supersedeas, so far as the decree retaining the injunction against the sale of intoxicating liquors at the place of business is concerned; and hence he is not in a position to successfully contend that he is not interested as owner, even though the oral testimony offered by the appellee on that issue may not clearly establish ownership.

On the second contention, we are unable to say that the chancellor was in error in finding that the person who sold the whiskey over the counter in the place of business was allowed to do so by the appellant as owner and operator, and especially in view of the proof that the general reputation was that it was a place where intoxicating liquors could be bought and were sold.

The challenged right of the appellee to bring the suit is upheld in the case of Noe v. Gully, State Tax Collector, 189 Miss. 1, 193 So. 36, decided today by this Division of the Court.

Affirmed.