MONTROY *et al. v.* GULLY, TAX COLLECTOR.

(Division B.   Jan. 22, 1940.   Suggestion of Error Overruled Feb. 19, 1940.)

[193 So. 40.   No. 33959.]

F. H. Montgomery and Brewer & Sisson, all of Clarksdale, for appellants.

**W. W. Venable,** of Clarksdale, and **Denman & Everett,** of Greenwood, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This suit is of the same nature as that of Tuminello v. J. B. Gully, State Tax Collector, 189 Miss. 28, 193 So. 39, this day decided by the same Division of the Court, so far as the relief therein sought and obtained is concerned.

The oral testimony offered before the chancellor, together with the fact that the appellant Montroy gave bond, as principal obligor therein, for the attached property, including the stock of merchandise, sustains the finding of the chancellor that the said Montroy owned and operated the place of business, bearing his name or trade sign, at which the witnesses purchased the intoxicating liquor testified about in this case.

On the issue of whether the appellant Montroy allowed the liquor to be sold at his place of business, within the meaning of Section 2000 of the Code of 1930, the witness

Ross, a deputy tax collector, testified that he and Mr. Hudson "drove up to Mr. Montroy's place and a negro helper or employee there came out and asked what we wanted; we told him we wanted a half pint of Seagram's and he delivered it to the car; he asked his name and he said Sam Shaw." He further testified that he gave the negro some currency, and that he went into the store for change, out of which he retained seventy-five cents for the whiskey, upon his return to the car. This testimony was undisputed; and there was likewise no contradiction of the statement of this witness, as above quoted, that Sam Shaw was a helper or employee at the place of business. On conflicting evidence the chancellor was also warranted in believing that the place had a general reputation as being a place where whiskey could be bought and was sold. Unless we could say that the finding of the chancellor was manifestly wrong we would not be justified in reversing the decree on these questions of fact.

The bill of complaint sought to collect a tax currently due, and under all the circumstances we think that the court below had good reason to hold that the witness meant January 10, 1939, when he said that he purchased the whiskey on "January 10". Hence we do not think that the decree should be reversed for this omission.

The right of the appellee to bring the suit is upheld in a similar case decided today by this Division of the Court. Noe v. Gully, State Tax Collector, 189 Miss. 1, 193 So. 36.

The decree appealed from must therefore be affirmed.

Affirmed.